## Richmond

LAWRENCE WALKER v. COMMONWEALTH OF VIRGINIA.

October 11, 1971.

Record Nos. 7634 and 7635.

Present, Snead, C.J., I'Anson, Carrico, Harrison, Cochran and Harman, JJ.

*Lester E. Schlitz* (*Schlitz and Levy*, on brief), for plaintiff in error in Record Nos. 7634 and 7635.

*James E. Kulp, Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error in Record Nos. 7634 and 7635.

HARRISON, J., delivered the opinion of the court.

Lawrence Walker appeals his convictions in the court below under two indictments, each charging a violation of the Uniform Narcotics Drug Act of Virginia. In accordance with jury verdicts the court entered judgments fixing defendant's punishment at a fine of $1,000 and a sentence of 5 years in the State Penitentiary in each case.

It is unnecessary to detail the evidence other than to recite that the

Commonwealth's case depended on the evidence of Eugene Williams, who testified that he made two separate purchases of drugs from Walker on October 1, 1969 and October 10, 1969. The drug that Williams purchased from Walker was analyzed and found to be heroin. The defendant pled not guilty in each case, did not testify, and introduced no evidence except that of the Commonwealth's Attorney in an effort on show that Williams received some consideration by reason of his agreement to testify against Walker.

■ Among other errors alleged, defendant challenges the action of the trial court in granting Instruction No. 3 which reads as follows:

"The Court instructs the jury that in a criminal prosecution for the unlawful sale, possession or dispensing of narcotic drugs, the defendant has the burden of proving that his possession, sale, or dispensing was lawful as an exemption to the Uniform Narcotic Drug Act."

We are of opinion that the objection made to this instruction is well taken. Defendant was charged in two cases with possession and sale of a narcotic drug. The burden was upon the Commonwealth to prove beyond a reasonable doubt every material and necessary element of the offenses charged. The defendant is presumed to be innocent. He had a constitutional right to refuse to testify and if the Commonwealth failed to establish his guilt by proper and satisfactory evidence to rely upon such failure.

The only drug involved in the prosecution was heroin and the Commonwealth charged that the defendant possessed and sold it. The defendant denied the accusation. He made no claim that he possessed a drug of unknown properties, or that it was a legal drug or that he came into possession of it in a legal manner. He denied that he possessed or sold any drug. Therefore there was no "exception, excuse, proviso or exemption" involved in this case to be negated by the Commonwealth, and no occasion for any resort by the Commonwealth to the provisions of Code § 54-524.108 (formerly Code § 54-514).[1]

---

[1] "§ 54-524.108. *Unnecessary to negative exception, etc.; burden of proof of exception, etc.*—In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement of any provision of this chapter, it shall not be necessary to negative any exception, excuse, proviso, or exemption contained in this chapter, and the burden of proof of any such exception, excuse, proviso, or exemption shall be upon the defendant. (1970, c. 650.)"

Notwithstanding there was no claim by the defendant that his possession of the heroin was lawful, Instruction No. 3 was granted. This instruction told the jury that because these cases involved the unlawful sale of a narcotic drug "the defendant has the burden of proving that his possession, sale or dispensing was lawful as an exemption to the Uniform Narcotics Drug Act". Under the facts here it is clear that the defendant did not have such a burden. He was under no burden to prove anything. He could rely upon his plea of not guilty.

In another instruction dealing with presumption of innocence and reasonable doubt will be found this sentence: "The law never imposes upon a defendant in a criminal case the burden or duty of producing any evidence." This was a correct statement and properly included in the instruction. However, its inclusion does not cure the vice of Instruction No. 3 which had the effect of telling the jury that in these cases defendant did have a burden or duty, i.e., the burden of proving that his possession and sale was lawful as an exemption. We observe that except in very rare and most unusual cases, there can be no lawful possession or sale of heroin by anyone.

We are unable to say that the giving of the instruction was harmless error.

Defendant also assigned error to the action of the court in refusing two instructions dealing with the testimony of an accomplice. These instructions were properly refused. Williams was not an accomplice. He participated in the transaction as a purchaser of heroin and the defendant Walker as the alleged seller, but neither was the accomplice of the other.

The defendant also objected to the introduction of testimony that Eugene Williams had been tried and convicted of offenses involving the same heroin and received two sentences of 5 years each. This evidence was offered by the Commonwealth to show that Williams received no consideration for his testimony against Walker. However, it was plainly inadmissible. It is well settled that a defendant has a right to have his guilt or innocence, and punishment, determined by the evidence against him and not by what sentence has been imposed in another criminal prosecution against an accomplice, a co-defendant or anyone else. See *Ward* v. *Commonwealth*, 205 Va. 564, 138 S. E. 2d 293 (1964) and authorities therein cited.

It is noted that when counsel for defendant objected to the evidence of the disposition of the Williams case the trial judge stated

that the evidence was not admissible. He said that while he did not consider the matter of sufficient gravity to grant a mistrial he would grant an instruction, if offered, to the effect that "whatever someone else may have gotten by way of penalty in another proceeding on another trial has no bearing upon this trial and you can only consider the facts and circumstances and law in this trial against this Defendant and not take into consideration what another individual may have gotten in another trial". The defendant did not offer such instruction.

We find no merit in the other assignments of error made by defendant.

For error committed in granting Instruction No. 3, these cases are reversed. The judgments of the court below are set aside and the cases are remanded for new trials if the Commonwealth be so advised.

*Reversed and remanded.*