## Richmond

JOSEPH JEFFERSON v. COMMONWEALTH OF VIRGINIA.

January 14, 1974.

Record No. 730180.

Present, All the Justices.

*JeRoyd W. Greene* (*Greene, Buxton & Poindexter*, on brief), for plaintiff in error.

*Linwood T. Wells, Jr., Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Per Curiam.

Joseph Jefferson was tried by a jury which found him guilty of distributing marijuana and fixed his punishment at confinement for five years in the State Penitentiary and payment of a $1,000 fine. We

granted Jefferson a writ of error to the judgment order entered on the jury verdict.

The Commonwealth's evidence was that on August 24, 1972, Jefferson and a companion, Maxine Braswell, were seated in Jefferson's automobile parked at the curb on a Richmond street when James Thomas Mickens approached; that Jefferson handed a paper bag to Braswell who passed it through the car window to Mickens; and that police officers closed in on Mickens, seized the bag, subsequently determined to contain marijuana, and arrested Jefferson, Braswell and Mickens.

Jefferson, Braswell, Samuel Satchel and Mickens, testifying for the defense, denied the alleged transfer of the paper bag. Mickens testified that he had acquired the bag of marijuana from another person about a day and a half before this alleged offense occurred. On direct examination he testified that, after his arrest, he told the police that Jefferson and Braswell had nothing to do with the marijuana. On cross-examination Mickens said that he had made this statement to police officers Jones and Robinson. The Commonwealth subsequently put on Officer Jones as a rebuttal witness, who testified over defendant's objection that Mickens had stated only that Braswell had nothing to do with the marijuana.

There is no merit in Jefferson's contention that the trial court erred in permitting the Commonwealth to have Officer Jones testify to a prior inconsistent statement made by Mickens. Jefferson asserts that there was no proper foundation for impeachment, but no such foundation is required where a witness makes an issue of his prior statement by voluntarily testifying as to its contents. Mickens identified the time and place when he made the statement and the officers to whom he made it. The only question was what Mickens had stated. The trial court ruled correctly that one of the officers could testify in rebuttal that the statement was different from the version to which Mickens testified.

The ruling of the trial court on certain instructions, however, requires reversal of Jefferson's conviction. The Commonwealth's Instruction No. 8[1], which was given, and Jefferson's Instruction No.

---

[1] "INSTRUCTION NO. 8

"The Court instructs the jury that if you find that Joseph Jefferson did distribute marijuana, a Schedule 1 drug, then you shall find him guilty and fix his punishment at not less than five nor more than 40 years in the penitentiary, and fine not more than $25,000.00."

"A" [2], which was refused, were based on Code § 54-524.101:1[3], Acts 1972, c. 798 (since amended by Acts 1973, c. 479).

The Attorney General, relying on the provisions of Code § 54-524.108[4], argues that Instruction No. 8 was justified by the evidence of distribution, and that Instruction No. "A" was properly refused for lack of evidence of an accommodation distribution. He insists that the burden was on Jefferson to prove that he came within the accommodation provision. We construe Code § 54-524.108 as inapplicable to this case.

Code § 54-524.101:1, as it read at the time of Jefferson's alleged violation, provided for two separate offenses. The first and more serious offense was distribution or possession with intent to distribute a controlled substance with intent to profit thereby or to induce use, addiction or dependency on the part of the recipient. The punishment upon conviction was imprisonment for not less than five nor more than forty years and a fine of not less than $1,000 and not more than $25,-000. The second and lesser included offense was distribution or possession with intent to distribute a controlled substance as an accommodation to another and not with intent to profit thereby or to induce use,

---

[2] "INSTRUCTION NO. 'A'

"The Court instructs the jury that if you find that Joseph Jefferson did distribute marijuana, a schedule one drug and only as an accommodation to James Mickens and not with intent to profit thereby nor to induce the recipient to use or become addicted to or dependent upon such controlled substance, then you shall find him guilty and fix his punishment at not less than one nor more than ten years or, confinement in jail not exceeding twelve months and fined not more than one thousand dollars."

[3] "Except as authorized in this chapter, it shall be unlawful for any person to manufacture, sell, give, distribute or possess with intent to manufacture, sell, give or distribute a controlled substance.

"(a) Any person who violates this section with respect to a controlled substance classified in Schedules I, II, or III shall upon conviction be imprisoned for not less than five nor more than forty years and fined not more than twenty-five thousand dollars; provided, that if such person gave, distributed or possessed with intent to give or distribute such controlled substance only as an accommodation to another individual and not with intent to profit thereby nor to induce the recipient or intended recipient of the controlled substance to use or become addicted to or dependent upon such controlled substance, he shall upon conviction be imprisoned for not less than one nor more than ten years or, in the discretion of the jury or the court trying the case without a jury by confinement in jail not exceeding twelve months and fined not more than one thousand dollars."

[4] "In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement of any provision of this chapter, it shall not be necessary to negative any exception, excuse, or proviso, or exemption contained in this chapter, and the burden of proof of any such exception, excuse, proviso, or exemption shall be upon the defendant."

addiction or dependency. The punishment upon conviction of this offense was imprisonment for not less than one nor more than ten years, or, at the discretion of the trier of fact, for not more than twelve months and a fine of not more than $1,000. We find no statutory presumption that any distribution is for profit or to induce use, addiction or dependency.

As we pointed out in *Walker* v. *Commonwealth*, 212 Va. 289, 290-91, 183 S.E.2d 739, 740 (1971), the burden is on the Commonwealth to prove beyond a reasonable doubt every material and necessary element of the criminal offense charged. The accused may rely on the presumption of innocence which attends him and on the failure of the Commonwealth to establish his guilt. He has no burden to prove anything. *See In re Winship*, 397 U.S. 358, 364 (1970), where the Supreme Court held that the "Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." Moreover, the accused is entitled to have the criminal statute under which he is charged construed strictly. *Lovisi* v. *Commonwealth*, 212 Va. 848, 850, 188 S.E.2d 206, 208 (1972).

There was no evidence that any money changed hands between Jefferson and Mickens or that Jefferson distributed marijuana to Mickens with the intent to profit thereby or to cause Mickens "to use or become addicted to or dependent upon" the controlled substance. Where there is no evidence to support an instruction it must be refused. *Lovisi* v. *Commonwealth, supra.*

Accordingly, we hold that there was no evidence to justify the granting of Instruction No. 8 and the trial court erred in so doing. The trial court also erred in refusing Instruction No. "A", tendered by Jefferson's counsel, as the evidence supported an instruction covering the lesser included offense with the penalties incident thereto.

For the reasons stated Jefferson's conviction must be reversed and the case remanded for a new trial.

*Reversed and remanded.*