Richmond

## JERRY DEAN STILLWELL v. COMMONWEALTH OF VIRGINIA

August 31, 1978.

Record No. 771528.

Present: All the Justices.

## JERRY DEAN LOWERY v. COMMONWEALTH OF VIRGINIA

August 31, 1978.

Record No. 771527.

Present: All the Justices.

## JACKIE WADE PHILLIPS v. COMMONWEALTH OF VIRGINIA

August 31, 1978.

Record No. 771526.

Present: All the Justices.

Emmitt F. Yeary; Mary Lynn Tate (Yeary, Lohman & Tate P.C., on brief for appellant. (Records 771528; 771527; 771526)

Thomas D. Bagwell, Assistant Attorney General (Marshall Coleman, Attorney General, on brief) for appellee. (Records 771528; 771527; 771526)

HARRISON, J., delivered the opinion of the Court.

Jerry Dean Stillwell, Jerry Dean Lowery and Jackie Wade Phillips contend that Virginia Code Sections 18.2-248 and 18.2-263 unconstitutionally shift the burden of proof of the offenses with which they have been charged away from the Commonwealth and onto the defendants. They also assert that the statutes are unconstitutionally vague in that they fail to state any standard of proof.

Stillwell, Lowery and Phillips were tried in the lower court, without a jury, but not as codefendants. Stillwell was convicted of three separate offenses of selling marijuana in January, 1976, to an undercover police officer. Lowery and Phillips were each convicted of two separate offenses of selling marijuana to an undercover police officer in March, 1976. The same officers testified in all cases, stating that the respective defendants each sold them marijuana. The sales were not denied. All three defendants presented evidence that the sales were made for accommodation. The trial court found each guilty as charged and sentenced each to a term in the state penitentiary. Their appeals to this Court have been consolidated to consider the common issue involved.

The sections of the Virginia Code challenged by the appellants are §§18.2-248 and 18.2-263, which, at the time of the offenses, read, in part, as follows:

"§18.2-248. **Penalties for manufacture, sale, gift, distribution or possession of a controlled drug.** - Except as authorized in The Drug Control Act, chapter 15.1 (§54-524.1 et seq.) of Title 54 of this Code, it shall be unlawful for any person to manufacture, sell, give, distribute or possess with intent to manufacture, sell, give or distribute a controlled substance.

"(a) Any person who violates this section with respect to a controlled substance classified in Schedules I, II or III shall upon conviction be imprisoned for not less than five nor more than forty years and fined not more than twenty-five thousand dollars; . . . and provided further, that if such person prove that he gave, distributed or possessed with intent to give or distribute marijuana or a controlled substance classified in Schedule III only as an accommodation to another individual and not with intent to profit thereby nor to induce the recipient or intended recipient of the controlled substance to use or become addicted to or dependent upon such controlled substance, he shall be guilty of a Class I misdemeanor.

\* \* \*

"§18.2-263. **Unnecessary to negative exception, etc.; burden of proof of exception, etc.** - In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement of any provision of this article or of The Drug Control Act (§54-524.1 et seq.), it shall not be necessary to negative any exception, excuse, proviso, or exemption contained in this article or in The Drug Control Act, and the burden of proof of any such exception, excuse, proviso, or exemption shall be upon the defendant. . . ."

The predecessor to Code §18.2-248 was Code §54-524.101:1, enacted by the General Assembly in 1972 (replacing Code §54-524.101). *See* 1972 Acts, c. 798. In 1973, Code §54-524.101:1, as it related to marijuana and Schedule III substances, was amended to insert therein the language "if such person prove", and to lower the maximum sentence for an accommodation sale of marijuana to twelve months and a $1,000 fine. *See* 1973 Acts, c. 479. In 1975,

the section number was changed from 54-524.101:1 to the current 18.2-248, but there were otherwise no substantive changes in the statute as it related to the distribution of marijuana. 1975 Acts, chs. 14,15, and 589.[1]

The contention of the defendants is that a sale of marijuana as an accommodation is a lesser included offense of a sale of marijuana for profit. The defendants argue that this lesser included offense of accommodation, by virtue of the provisions of Code §§18.2-248 and 18.2-263, applies to them if they "prove" the sale was an accommodation sale; that due process of law dictates that no burden of proof shall be placed on a defendant to prove any element of the offense; and that the criminal statutes under which they were charged must be construed strictly.

Continuing, defendants argue that when a defendant, charged with making a sale or distribution of marijuana, takes the stand and testifies that the sale or distribution was made as an accommodation, then, by virtue of the statutory provisions, the burden immediately shifts to the defendant to negate an intent to profit or to induce use, addiction or dependency. They say that such a burden is expressly prohibited by *Mullaney* v. *Wilbur*, 421 U.S. 684 (1975). Further, defendants contend that not only does the burden to show accommodation shift to a defendant but also that the statute delineates no "standard of proof" by which the evidence they are required to produce may be measured, *i.e.*, whether by a preponderance of the evidence, beyond a reasonable doubt, or by clear and convincing evidence. They contend the statute is unconstitutionally vague and poses a great danger to due process of law.

The Commonwealth's position is that Code §18.2-248 established a two-stage process for the trial of controlled drug sale and distribution cases, the first being the determination of guilt, and the second being a determination of punishment, and that the extent of punishment depends on aggravating or mitigating factors.

In its enactment of The Drug Control Act the General Assembly recognized that, except in very rare and most unusual

---

[1] §18.2-248 has been amended twice since the time of the offenses involved in this appeal. 1976 Acts, c. 614; 1977, c. 409. The only change in the above quoted section has been the deletion of all references to Schedule III drugs in §18.2-248(a).

cases, there can be no lawful possession, sale or distribution of drugs by anyone, particularly of those drugs classified in Schedules I, II and III, and listed in Code §§54-524.84:4, -84:6, -84:8. With few exceptions, enumerated by statute, no one can lawfully manufacture, possess, sell or distribute such drugs. The manufacture of drugs is strictly controlled and regulated by the state. The possession of drugs is confined to a small group of professionals who are required to dispense the drugs under restricted and controlled conditions. By and large, it can be said that the lawful possession of drugs is restricted to licensed manufacturers, licensed pharmacists, and to individuals who have possession as a result of a prescription given by an authorized physician.

The General Assembly recognized that seldom, if ever, except in these authorized instances, could there be any explanation for the sale or possession of drugs. It concluded that the sale, possession and distribution of drugs, which in some places had reached epidemic proportions, was being carried on as a commercial enterprise and for a profit. The legislature therefore, with few authorized exceptions, made it *unlawful* for *any person* to manufacture, sell, give, distribute or possess with intent to manufacture, sell, give or distribute *a controlled substance*. And it defined marijuana as a controlled substance. It was a logical and reasonable assumption that a person who committed any of these acts was engaged in a commercial venture and for profit. Marijuana is not traded in the legitimate market place. It is an unlawful drug for which there is a large demand, and in its trafficking huge profits are reputedly made. There was therefore a rational and reasonable connection and relation between the fact of sale or distribution and the conclusion that it was with intent to profit - hence the rebuttable presumption against an accommodation sale or distribution.

However, the General Assembly was cognizant of the fact that in some instances a sale or distribution of a drug would be made, not by a dealer in drugs, a pusher or one who was normally engaged in the drug traffic, but by an individual citizen who was motivated by a desire to accommodate a friend, without any intent to profit or to induce or to encourage the use of drugs. Therefore, Code §18.2-248, involved here, provides for the mitigation of

punishment for those who are less culpable. And Code §18.2-263 takes note of the fact that a defendant is the person with the greatest knowledge and easiest access to evidence to show that his sale or distribution was one of accommodation and not a commercial transaction, and therefore relieves the Commonwealth of what would amount to an impossible burden of affirmatively negating every exception, excuse, proviso or exemption claimed by a defendant.

In *Walker* v. *Commonwealth*, 212 Va. 289, 183 S.E.2d 739 (1971), the defendant was convicted by a jury of selling heroin. He did not testify and introduced no evidence in his own behalf. The trial court gave an instruction, pursuant to then Code §54-524.108 (now §18.2-263), that the defendant had the burden of proving that his possession, sale or dispensation of the narcotic drug was lawful as an exemption to the Uniform Narcotics Drug Act. We found no evidence that any drug was involved other than heroin, and the defendant made no claim that it was legal, or that he came into possession of it in a legal manner. We held that there was no exception, excuse, proviso or exemption involved in the case to be negated by the Commonwealth, and therefore no occasion for any resort to the statute, or for the court to give the instruction. We made it clear that the defendant " was under no burden to prove anything. He could rely upon his plea of not guilty".

*Jefferson* v. *Commonwealth*, 214 Va. 432, 201 S.E.2d 749 (1974), involved a charge of distributing marijuana in violation of Code §54-524.101:1. We found that there was no evidence to justify an instruction that the defendant distributed marijuana for profit and that there was evidence to support an accommodation instruction denied the defendant. The offense in *Jefferson* occurred in August, 1972, and we noted that "Code §54-524.101:1, as it read at the time of Jefferson's alleged violation, provided for two separate offenses", and that "We find no statutory presumption that any distribution is for profit or to induce use, addiction or dependency." 214 Va. at 434-35, 201 S.E.2d at 751.

The first case we considered which arose following the 1973 amendment of Code §54-524.101:1 was *Brown* v. *Commonwealth*, 215 Va. 753, 213 S.E.2d 764 (1975). There we held that the court correctly instructed the jury that it could make a finding of

accommodation distribution. However, we did not agree that as a matter of law the Commonwealth's evidence showed accommodation distribution. Brown conceded that, under the statute as amended, had no evidence of accommodation distribution been introduced either by the Commonwealth or by defendant, the giving of the instruction he challenged would have been proper. And the Commonwealth conceded that, the language of the amended statute to the contrary notwithstanding, evidence adduced by the Commonwealth which tended to rebut the presumption against accommodation distribution was as effective as if it had been presented by Brown. We concluded, however, that "these concessions [were] not dispositive where there is evidence as to the purpose of the distribution that is susceptible of different interpretations". 215 Va. at 754, 213 S.E.2d at 765. In *Brown* we found that: "The 1973 amendment to the statute supplied the rebuttable presumption against accommodation distribution which we found lacking in *Jefferson* v. *Commonwealth.* . . ." 215 Va. at 754, 213 S.E.2d at 765.

In *Gardner* v. *Commonwealth*, 217 Va. 5, 225 S.E.2d 354 (1976), we reaffirmed our holding in *Brown* that Code §54-524.101:1, as amended, supplies a rebuttable presumption against an accommodation distribution. We reversed the decision of the court below, finding that the court erred in refusing to grant an instruction which would have permitted the jury to find the defendant guilty of an accommodation distribution. We said that Gardner's testimony, supported in material respects by the testimony of the principal witness for the Commonwealth, was sufficient to negate any inference that Gardner intended to induce the persons to whom he gave drugs to use, or become addicted to, or dependent on the drugs. We found that the legislature had established two clearly defined gradations of controlled drug distribution offenses and that "Gardner was entitled to have this alternative finding made available to the jury." 217 Va. at 8, 225 S.E.2d at 356.

The defendants contend that §18.2-248(a) creates two distinct offenses involving the sale of marijuana: (1) the distribution, sale, manufacture (or possession with the intent to distribute, sell or manufacture), of marijuana with the intent to profit, and (2) the transfer of marijuana as an accommodation to another individual

with no intent to profit. According to the appellants, the first offense is punishable as a felony and requires proof that the defendant possessed the intent to profit, whereas the second offense is treated only as a misdemeanor.

While there are dicta in our opinions in *Jefferson, supra,* and *Brown, supra,* that could lead to a contrary interpretation, §18.2-248(a), in our view, creates only a single offense, that being the unlawful manufacture, sale, transfer or distribution, or possession with the intent to manufacture, sell, give, distribute or possess certain controlled drugs. The provisions of §18.2-248(a), which deal with the reduced penalty contingent upon proof of an accommodation gift, distribution or possession of marijuana operate only to mitigate the degree of criminality or punishment, rather than to create two different substantive offenses, as the defendants contend.

That §18.2-248 and its predecessors created only a single offense (the illegal transfer of controlled drugs), while providing for mitigation of punishment in certain accommodation cases, was alluded to in *Wood* v. *Commonwealth,* 214 Va. 97, 197 S.E.2d 200, *appeal dismissed,* 414 U.S. 1035 (1973), which was decided prior to *Jefferson* and *Brown.* In *Wood* we recognized that the 1972 and 1973 amendments to former §54-524.101:1 *"reduced the penalty* which might be imposed upon an accommodation distributor of marijuana to not more than twelve months in jail and a fine of not more than one thousand dollars". . . . [Emphasis added.] 214 Va. at 100, 197 S.E.2d at 203. In *Gardner* v. *Commonwealth, supra,* we recognized that the legislative intent behind the accommodation portion of the statute was to establish "two clearly defined *gradations* of controlled drug distribution offenses" [Emphasis added.], rather than two separate offenses. 217 Va. at 8, 225 S.E.2d at 356.

The statutory scheme behind Code §18.2-248 provides that once the guilt of the defendant has been established (a determination completely independent of the profit-accommodation distinction), a second determination of the proper punishment is to be made. This statute and §18.2-263 place the burden of proving the existence of an accommodation distribution (and the right to the lesser penalty) to the trier of fact on the shoulders of the defendant. In

other words, the statute contains a presumption against an accommodation distribution to the extent that it is relevant to the determination of the proper degree of punishment, but only after guilt has been established.

■ The defendants rely strongly upon *Mullaney* v. *Wilbur, supra,* and argue that this decision sets forth the principle that a state may not shift the burden of proof to the defendant on any fact that is necessary to establish the offense charged. Defendants say that Code §18.2-248 impermissibly places on a defendant the burden to prove that he was an accommodation seller instead of a seller for profit. We disagree with defendants' construction of *Mullaney* and its applicability to the cases under review. We refer to our decisions in *Hodge* v. *Commonwealth,* 217 Va. 338, 228 S.E.2d 692 (1976), and *Warlitner* v. *Commonwealth,* 217 Va. 348, 228 S.E.2d 698 (1976), *cert. denied,* 430 U.S. 957 (1977), for our analysis of *Mullaney* and its impact in Virginia. We recognized that "any rule of state law which has the ultimate effect of shifting the burden of persuasion to the accused upon this critical issue in constitutionally infirm". 217 Va. at 341, 228 S.E.2d at 695. However, we further said in *Hodge*: "But neither the Due Process Clause nor *Mullaney* prohibits the use of presumptions or inferences as procedural devices to shift to the accused the burden of producing some evidence contesting the otherwise presumed or inferred fact. . . ." 217 Va. at 341, 228 S.E.2d at 695.

In *Mullaney, supra,* at 702-03, n. 31, the Court said that certain presumptions and inferences on behalf of the prosecution are permissible under certain guidelines and that:

"These procedural devices require (in the case of a presumption) or permit (in the case of an inference) the trier of fact to conclude that the prosecution has met its burden of proof with respect to the presumed or inferred fact by having satisfactorily established other facts. Thus, in effect they require the defendant to present some evidence contesting the otherwise presumed or inferred fact. Since they shift the production burden to the defendant, these devices must satisfy certain due process requirements.

"In each of these cases, however, the ultimate burden of persuasion by proof beyond a reasonable doubt remained on the prosecution." [Citations omitted.]

*Mullaney* was clarified in *Patterson* v. *New York*, 432 U.S. 197 (1977), where the Court said:

"There is some language in *Mullaney* that has been understood as perhaps construing the Due Process Clause to require the prosecution to prove beyond a reasonable doubt any fact affecting 'the degree of criminal culpability.' It is said that such a rule would deprive legislatures of any discretion whatsoever in allocating the burden of proof, the practical effect of which might be to undermine legislative reform of our criminal justice system. Carried to its logical extreme, such a reading of *Mullaney* might also, for example, discourage Congress from enacting pending legislation to change the felony-murder rule by permitting the accused to prove by a preponderance of the evidence the affirmative defense that the homicide committed was neither a necessary not a reasonably foreseeable consequence of the underlying felony. *The Court did not intend Mullaney to have such far-reaching effect.*" [Emphasis added, citations omitted.] 432 U.S. at 214-215, n. 15.

The Court in *Patterson* also recognized that the responsibility of dealing with the problem of crime rested to a greater degree on states than on the federal government, and said:

"[I]t is normally 'within the power of the State to regulate procedures under which its laws are carried out, including the burden of producing evidence and the burden of persuasion,' and its decision in this regard is not subject to proscription under the Due Process Clause unless 'it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." [Citations omitted.] 432 U.S. at 201-02.

In *Patterson* the Court declined "to adopt as a constitutional imperative, operative countrywide, that a State must disprove beyond a reasonable doubt every fact constituting any and all affirmative defenses related to the culpability of an accused". 432 U.S. at 210.[2]

---

[2] In this opinion we interpret §18.2-248 as giving rise to a presumption against accommodation distribution. In *Patterson* the Supreme Court characterized the provision in the challenged statute which allowed for a mitigation of punishment upon proof of "extreme emotional disturbance" by the defendant as an "affirmative defense", with the burden of proof resting on the defendant. The Attorney General in his brief characterizes the accommodation distribution provision in §18.2-248 as an affirmative defense. Since both an affirmative defense and the legal presumption contained in §18.2-248 require the defendant to establish the mitigating factor by a preponderance of the evidence, the distinction here is largely semantic. On the similarity of affirmative defenses and statutory presumptions in criminal cases, *see McCormick's Handbook of the Law of Evidence* §346 (2nd ed. 1972).

■ In *Mullaney* the Court held the Maine murder statute unconstitutional because it "affirmatively shifted the burden of proof to the defendant" upon "the critical fact in dispute" - the presence or absence of malice - thus increasing "the likelihood of an erroneous murder conviction". 421 U.S. at 701. In the instant cases the critical fact in dispute was whether the defendants did in fact sell marijuana. The statute, Code §18.2-248, declares marijuana to be an unlawful drug and classifies it as a controlled substance. The testimony of the Commonwealth established that the substance sold by the defendants to the undercover police officers was marijuana. The defendants admitted the sale. There were no other critical issues involved. The crime was complete and its commission had been established, regardless of the motive or intent of the seller. Only the punishment to be inflicted could be lessened by a showing of a mitigating circumstance, and it is at this stage that the burden of going forward with the production of some evidence contesting the presumed fact shifted to the defendant. Absent a showing of accommodation by the evidence of the Commonwealth, it was then incumbent upon the defendants to produce evidence indicating that they were accommodation sellers or distributors. *Mullaney* v. *Wilbur, supra,* at 701-02, n. 28, *Hodge* v. *Commonwealth, supra,* 217 Va. at 342, 228 S.E.2d at 696.

■ A defendant, charged with an unlawful sale of drugs, who defends on the ground that he distributed the drugs for accommodation only, is not required to establish such accommodation beyond a reasonable doubt, but only by a preponderance of the evidence.[3] He is required to produce some evidence which satisfies the trier of the facts that his distribution was for accommodation. The presumption created by the statute retains its effect until opposing evidence (whether from the Commonwealth or the defendant) is sufficient to make a case for the jury, that is, to convince the judge that a jury could reasonably find that the defendant was an accommodation distributor. We believe this to

[3] *See generally* C. Friend, The Law of Evidence in Virginia §96 (1977); M. Marshall, J. Fitzhugh and J. Helvin, *The Law of Evidence in Virginia and West Virginia* §§207, 213 (1954); Uniform Rules of Evidence (1953), Rule 14 and Comment; Uniform Rules of Evidence (1974), Rule 303; 30 Am. Jur.2d *Evidence* §1176; 31A C.J.S. *Evidence §117.* In the past we have also referred to this standard with the language ''prove to the satisfaction of the jury''. *Wessells v. Commonwealth,* 164 Va. 664, 180 S.E. 419 (1935); *Lamb v. Commonwealth,* 141 Va. 481, 126 S.E. 3 (1925).

be the obvious standard to be applied for overcoming the statutory presumption that operates in favor of the Commonwealth in cases prosecuted under Code §18.2-248, and that it was unnecessary for the standard to be spelled out in the statute.

We would finally note that both this Court and the Supreme Court have previously considered the precise issue involved in these appeals. In the case of *Commonwealth of Virginia v. Lewis Jasper Thompson*, the defendant challenged in the trial court the constitutionality of Code §54-524.101:1 (now §18.2-248), claiming that the accommodation defense permitted by the statute placed an unconstitutional burden of proof upon him. He relied specifically upon the reasoning of *Mullaney v. Wilbur, supra.* Thompson was convicted and petitioned this Court for a writ of error, which we denied on August 26, 1976. *Thompson v. Commonwealth*, 217 Va. cxxxix(1976). In his petition for writ of error Thompson asserted his claim that Code §54-524.101:1 was unconstitutional for the reasons urged upon the lower court, again relying upon *Mullaney v. Wilbur, supra.* Thompson advanced the same arguments made to the Virginia courts in his petition for appeal to the Supreme Court of the United States, which petition was dismissed on January 17, 1977, "for want of a substantial federal question". *Thompson v. Virginia, appeal dismissed, mem. dec.*, 429 U.S. 1057 (1977).[4]

In the cases under review, the evidence was in conflict as to whether the sales made by the defendants were for profit, as the Commonwealth contended, or as accommodation, as the defendants maintained. A jury trial was waived in each case, and the trial judge was the trier of fact. There was no occasion for the granting of instructions. However, it is obvious that the court concluded from the evidence that the sales and distribution of marijuana were not made by the defendants for accommodation and therefore fixed punishment accordingly. There is credible evidence in the record to sustain its findings, and we cannot say that its judgments are plainly wrong.

Accordingly, finding no constitutional infirmity in the statutes under attack, we will affirm the judgments of the lower court.

*Affirmed.*

---

[4] For the effect of a denial of a petition for writ of error, *see Saunders v. Reynolds*, 214 Va. 697, 204 S.E.2d 421 (1974). For the effect of a dismissal of a petition for appeal by the Supreme Court for want of a substantial federal question, *see Mandel v. Bradley*, 432 U.S. 173 (1977); *Hicks v. Miranda*, 422 U.S. 332 (1975); *Hogge v. Johnson*, 526 F.2d 833 (4th Cir. 1975). For a discussion of the precedential effect of summary affirmances by the Supreme Court, such as the one in *Thompson, see* Note, *The Precedential Effect of Summary Affirmances and Dismissals for Want of a Substantial Federal Question by the Supreme Court after Hicks v. Miranda and Mandel v. Bradley*, 64 Va. L. Rev. 117 (1978).