### Dwight SHABAZZ, Appellant,

v.

### UNITED STATES, Appellee.

### No. 90–1266.

District of Columbia Court of Appeals.

Submitted March 5, 1992.
Decided April 21, 1992.

---

Donald R. Lumpkins, Washington, D.C., appointed by this court, was on the brief for appellant.

Jay B. Stephens, U.S. Atty., and John R. Fisher, Thomas J. Tourish, Jr. and Nancy E. Smith, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before ROGERS, Chief Judge, and TERRY and STEADMAN, Associate Judges.

STEADMAN, Associate Judge:

■ Under the so-called "addict exception" to the District of Columbia's mandatory-minimum drug sentencing statute, D.C.Code § 33–541(c)(2) (1988), a defendant may be eligible for a lesser sentence if, among other prerequisites, he or she "has not been previously convicted in any jurisdiction in the United States for knowingly or intentionally ... distributing ... a controlled substance...." The appeal before us presents the issue whether a Virginia conviction of distribution "as an accommodation" is a disqualifying conviction under this provision.[1]

On November 20, 1989, appellant pled guilty in the District of Columbia to one count of distribution of cocaine. D.C.Code § 33–541(a)(1) (1988). At that time, he was awaiting sentencing in Virginia on two counts of distribution of a controlled substance, to which he had pled guilty. On November 22, 1989, appellant was sentenced by the Virginia court, which accepted appellant's showing that he had distributed the controlled substance "as an accommodation" rather than for profit and thus was entitled to a lesser sentence.

■ A defendant seeking to be sentenced under the addict exception bears the burden of proffering prima facie evidence of his eligibility, including that he has no disqualifying convictions. *Grant v. United States*, 509 A.2d 1147, 1154 (D.C.1986). As did the trial court, we reject appellant's argument that the Virginia offense of distribution of a controlled substance "as an accommodation" is not a disqualifying offense.[2] Appellant violated the provision of

---

1. The trial court also denied appellant's presentence motion to withdraw his guilty plea, rejecting appellant's claim that his trial counsel had misadvised him. The trial court accepted trial counsel's version of the events, which included advice to appellant that the Virginia conviction probably was a disqualifying offense. This credibility determination is binding upon us. *See, e.g., Nche v. United States*, 526 A.2d 23, 24 (D.C.1987). Nor was the Rule 11 inquiry

deficient. Indeed, the trial court directly warned appellant that he might not be sentenced under the addict exception even if he qualified. We perceive no abuse of discretion in the denial. *See Gooding v. United States*, 529 A.2d 301, 306 (D.C.1987).

2. Neither at trial nor on appeal does appellant appear to challenge the use of the Virginia convictions on the ground that the existence of "previous" convictions should be measured at a

the Virginia Code making it unlawful for any person "to manufacture, sell, give, distribute or possess with intent to manufacture, sell, give or distribute a controlled substance or an imitation controlled substance." Va.Code Ann. 18.2–248 (Michie 1988). Although this provision does provide for reduced penalties for the distribution of controlled substances as an accommodation of another individual with no intent to profit thereby,[3] the Virginia Supreme Court has squarely held that the reduced penalties operate only to mitigate the degree of punishment, rather than to create a distinct substantive offense. *Stillwell v. Commonwealth*, 219 Va. 214, 247 S.E.2d 360, 365 (1978).[4] Furthermore, District of Columbia law does not distinguish for sentencing purposes between for-profit and not-for-profit narcotics distribution. Rather, "[a] sharing, or even a gift, of a controlled substance is enough to constitute a distribution." *Chambers v. United States*, 564 A.2d 26, 31 n. 10 (D.C.1989);

*see also Malloy v. United States*, 605 A.2d 59, 61 No. 91–88, slip op. at 3 (D.C. March 24, 1992). A conclusion that appellant's convictions for distribution of a controlled substance as an accommodation were not disqualifying offenses thus would produce the anomalous result of permitting those with a prior conviction of not-for-profit distribution of a controlled substance in Virginia to qualify for sentencing under the addict exception, while denying consideration under the addict exception to those who engaged in identical conduct in the District of Columbia.

*Affirmed.*

time other than that of sentencing. Therefore, although the government in its brief addresses the point, we do not reach it here.

3. Under the Virginia statute, a defendant convicted of distribution of a controlled substance receives a less severe sentence if he distributed the substance only to accommodate another individual and not with intent to profit thereby. Va.Code Ann. § 18–2.248 (Michie 1988). A defendant must prove the defense of accommodation by a preponderance of the evidence in order to receive a reduced sentence. *Heacock v. Commonwealth*, 228 Va. 397, 323 S.E.2d 90, 95 (1984).

4. The Virginia statute was amended in a number of respects in 1979, after the court's decision

in *Stillwell*. As amended, the statute made distribution of a controlled substance an accommodation a "Class 5" felony rather than a "Class 1" misdemeanor as it had been under prior law, but the amendments made no material changes to the definition of distribution as an accommodation. Subsequent to the amendments, the Virginia courts have reiterated that distribution as an accommodation is not a separate offense but rather constitutes a circumstance that reduces the severity of the punishment imposed. *See Heacock v. Commonwealth, supra* note 3, 323 S.E.2d at 95; *McCoy v. Commonwealth*, 9 Va.App. 227, 385 S.E.2d 628, 631 (1989).