COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Willis, and Overton
Argued at Alexandria, Virginia


JAMIL POWELL

v.        Record No. 0540-95-4        MEMORANDUM OPINION[*] BY
                                      JUDGE NELSON T. OVERTON
COMMONWEALTH OF VIRGINIA                  JANUARY 11, 1996


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                       Thomas S. Kenny, Judge

            Paul McGlone (Howard R. Porter; McGlone & Porter, on
            brief), for appellant.

            Margaret Ann B. Walker, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on brief),
            for appellee.


     Jamil Powell was convicted in a jury trial of distribution

of a controlled substance under Code § 18.2-248.  He appeals his

conviction, contending that the trial court erred in denying jury

instructions on both an entrapment defense and an accommodation

defense.  We disagree and affirm the conviction.

     If credible evidence in the record supports the defendant's

theory of defense, the trial judge may not refuse to grant a

proper, proffered instruction.  Delacruz v. Commonwealth, 11 Va.

App. 335, 338, 398 S.E.2d 103, 105 (1990).  "'An instruction,

however, must be supported by more than a mere scintilla of

evidence.'"  Brandau v. Commonwealth, 16 Va. App. 408, 411, 430

S.E.2d 563, 564 (1993) (quoting Boone v. Commonwealth, 14 Va. App

--------
[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

130, 132, 415 S.E.2d 250, 251 (1992)).

Powell requested both entrapment and accommodation instructions. The evidence in this case warrants neither.

"'Entrapment is the conception and planning of an offense by an officer, and his procurement of its commission by one who would not have perpetrated it except for the trickery, persuasion, or fraud of the officer.'" McCoy v. Commonwealth, 9 Va. App. 227, 231, 385 S.E.2d 628, 630 (1989) (quoting Stamper v. Commonwealth, 228 Va. 707, 715, 324 S.E.2d 682, 687 (1985)). "If the criminal design originated in the mind of the defendant and the police did no more than 'afford an opportunity for the commission of a crime' by a willing participant, then no entrapment occurred." McCoy, 9 Va. App. at 231, 385 S.E.2d at 630 (quoting Huffman v. Commonwealth, 222 Va. 823, 828, 284 S.E.2d 837, 840 (1981)). Powell claims that he gave the cocaine to someone other than the police officer and that the money he received at that time was for an unrelated debt. The Commonwealth argued, and the jury found, that Powell independently negotiated a deal with the police officer. When the jury was instructed to find Powell guilty only of a sale to the police officer, neither theory of evidence justifies an entrapment instruction.

Code §§ 18.2-248 and 18.2-263 create a presumption against an accommodation distribution. Stilwell v. Commonwealth, 219 Va. 214, 225, 247 S.E.2d 360, 367 (1978). An accommodation defense

is viable where the distributor acted "not with intent to profit thereby from any consideration received or expected nor to induce the recipient or intended recipient of the controlled substance to use or become addicted to or dependent upon such controlled substance . . . ." Code § 18.2-248(D). The intent to profit includes any consideration received or expected. Heacock v. Commonwealth, 228 Va. 397, 407, 323 S.E.2d 90, 95 (1984). In both the Commonwealth's and Powell's versions of events, money was exchanged at the same time the cocaine was exchanged.

Based on the evidence at trial, the trial court properly refused to grant the requested jury instructions.

Affirmed.