COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Annunziata and Overton
Argued at Norfolk, Virginia


STEPHEN DOUGLAS GOWENS

MEMORANDUM OPINION[*] BY
v.    Record No. 1617-96-1       JUDGE ROSEMARIE ANNUNZIATA
                                      MAY 13, 1997
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Robert W. Curran, Judge

Robert Moody, IV (Segall & Moody, on brief),
for appellant.

Ruth Ann Morken, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


Following a bench trial, appellant, Stephen Douglas Gowens, was convicted of distribution of cocaine in violation of Code § 18.2-248. He contends the trial court erred in failing to find that the distribution was merely an "accommodation." For the reasons which follow, we affirm.

I.

Acting undercover, Investigator Burch met appellant at a trailer park and discussed the possibility of obtaining cocaine. After ten to twenty minutes of conversation, appellant told Burch he would contact a seller and invited Burch to his home. For thirty minutes to an hour, appellant attempted to contact a seller who never returned appellant's calls. Burch and appellant

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

subsequently left in Burch's vehicle; appellant directed Burch to an apartment occupied by Robert Edwards. Appellant told Edwards that Burch was "an okay kind of individual, not a problem." A sale price was agreed upon, and Burch was directed to the bathroom where he exchanged money for drugs with an individual named Jerome. En route back to appellant's home, appellant "pestered" Burch for a piece of the cocaine he had just purchased. Burch refused to give appellant any cocaine but "attempted to appease him by offering . . . to purchase him a beer." Appellant agreed, and Burch bought him the offered beer. Undeterred, however, appellant continued to "badger" Burch for some of the cocaine.

At the close of the Commonwealth's case, appellant moved to strike the evidence, "at least insofar as it goes beyond an accommodation aspect of the statute." The trial court denied appellant's motion to strike; the defense presented no evidence and renewed its motion, arguing again that "this is a classic accommodation." The court disagreed, finding the inference clear that appellant expected to receive something in return for his helping Burch find drugs.

## II.

As an initial matter, appellant contends that there is insufficient evidence to support a finding beyond a reasonable doubt that he possessed the cocaine at issue or that he could be convicted as a principal in the second degree to the

distribution.  Appellant failed to raise these contentions at trial and is, therefore, procedurally barred from raising them on appeal.  Rule 5A:18.  At trial, appellant did not deny complicity in the distribution; he argued only that he participated as an accommodation to Burch.  The issue on appeal, therefore, is whether the trial court erred in failing to find that the distribution was merely an accommodation.

On appeal, we review the evidence in a light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  "[A] defendant who invokes an accommodation defense has the burden of proving the elements of that defense by a preponderance of the evidence." Heacock v. Commonwealth, 228 Va. 397, 406, 323 S.E.2d 90, 95 (1984).  The accommodation defense is not available where the distribution was made "with intent to profit thereby from any consideration received or expected."  Code § 18.2-248(D); Heacock, 228 Va. at 407, 323 S.E.2d at 96; see also Stillwell v. Commonwealth, 219 Va. 214, 219, 247 S.E.2d 360, 363-64 (1978); Gardner v. Commonwealth, 217 Va. 5, 7, 225 S.E.2d 354, 356 (1976).

The evidence admitted in this case and the reasonable inferences it raises supports the trial court's finding that appellant intended to profit from the distribution he arranged. Appellant persistently "pestered" and "badgered" Burch for a

piece of the cocaine that he arranged for Burch to purchase. This evidence supports the inference that appellant intended to profit from the transaction throughout the course of the events described, not simply as an "afterthought" as he contends. Furthermore, the evidence supports the inference that appellant had known Burch for, at most, twenty minutes before he attempted to contact a seller and only another hour before he directed Burch to the point of sale. While the nature of the relationship between the parties to the transaction does not conclusively establish that the transaction was "for profit," see Gardner, 217 Va. at 6, 225 S.E.2d at 355, the evidence that appellant had just met Burch further supports the inference that appellant intended to receive consideration for his efforts. Finally, appellant's reaction to Burch's offer to buy him a beer, followed shortly thereafter by a resumption of his "badgering" Burch for cocaine, supports the finding that appellant expected to receive some consideration for arranging the deal.

The decision of the trial court is accordingly affirmed.

Affirmed.