COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Bray
Argued at Chesapeake, Virginia


KELVIN WATFORD
                                MEMORANDUM OPINION[*] BY
v.    Record No. 0569-99-1      JUDGE RICHARD S. BRAY
                                     MARCH 7, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    H. Thomas Padrick, Jr., Judge

            Sarah A. Mansberger, Assistant Public
            Defender, for appellant.

            H. Elizabeth Shaffer, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Kelvin Watford (defendant) was before the trial court on an

indictment alleging possession of cocaine with intent to

distribute and possession of a firearm while in possession of

cocaine with the intent to distribute.  He was convicted by a jury

of the lesser offenses of possession of cocaine and related

possession of a firearm.  On appeal, he complains that the trial

court erroneously refused to instruct the jury on accommodation

possession of cocaine with intent to distribute.  Finding any

error harmless, we affirm the convictions.

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the appeal.

I.

Virginia Beach Detectives Richard Brereton and Linda Kuehn, while assigned to the "Special Investigative Division, narcotics unit," were "conducting surveillance" of a local hotel. For several hours on two successive days, they observed numerous persons "traffic from [rooms] 36 and 40 and 35 . . . to each other, a lot of traffic, vehicles pulling up . . . people walking in, staying a short period of time and then leaving." At approximately midnight on the second evening, the detectives decided to undertake a "knock and talk" investigation at each of the three rooms.

Defendant responded to the knock at Room 35 and, as the door opened, Brereton noticed defendant place a baggie of suspected marijuana into his pocket. Defendant was immediately arrested, and a search of his person revealed the marijuana, seven baggies of crack cocaine, a loaded Titan .25 automatic pistol and $156. During a related "protective sweep" of the area, two individuals were found in the bathroom, together with a "single rock" of crack cocaine, packaged like the drugs discovered on defendant, and a smoking device.

Defendant testified that his mother had "dropped [him] off" at the hotel to meet James Rebley and Allen Boone and purchase

-

"some dope" from "this other guy." Defendant also had arranged to buy a "gun" from Rebley. Rebley, Boone and Todd Jetta were present in Room 35 when defendant arrived, but Rebley "left" shortly thereafter. The "other guy" had "checked out," but Boone's nephew, "Little Charles," appeared from another room and agreed to sell defendant, Jetta and Boone "eight twenties" of crack cocaine in exchange for $78, $38 from Jetta and $40 from defendant.

"Little Charles" passed the drugs to defendant, but, before payment, Jetta and Boone insisted upon sampling one "rock," "to see how good it was," and entered the bathroom. Defendant placed the remaining seven "twenties" in his pocket. Jetta soon re-entered the room, reported that the drugs were "all right," and defendant paid "Little Charles." "Not-even-five minutes" later, the police knocked at the door. Defendant testified that he then possessed seven "twenties" of cocaine, explaining that three "belonged to [him]" and two each to Jetta and Boone. He also acknowledged possession of the firearm, having "put it in [his] pocket" before Rebley returned to consummate defendant's purchase of the weapon.

II.

On appeal, "we view the evidence with respect to [a] refused instruction in the light most favorable" to defendant. Boone v. Commonwealth, 14 Va. App. 130, 131, 415 S.E.2d 250, 251 (1992). "[W]here evidence tends to sustain both the prosecution's and the

-

defense's theory of the case, the trial judge is required to give requested instructions covering both theories."  Diffendal v. Commonwealth, 8 Va. App. 417, 422, 382 S.E.2d 24, 26 (1989); see Code § 19.2-263.2.  Viewed accordingly, we will assume, without deciding, that the instant evidence was sufficient to support an accommodation instruction pursuant to Code § 18.2-248(D).  However, we find that the attendant error was harmless.

Code § 18.2-248(D) provides, in pertinent part, that possession of cocaine with intent to distribute "only as an accommodation to another individual . . . and not with intent to profit thereby from any consideration received or expected" is a Class 5 felony.  Thus, although a species of possession with intent to distribute, see Stillwell v. Commonwealth, 219 Va. 214, 222, 247 S.E.2d 360, 365 (1978), a violation by accommodation results in a substantially reduced penalty.[1]  Similarly, simple possession of cocaine, a lesser-included offense of possession with intent to distribute, is also a Class 5 felony.  See Code § 18.2-250.

Here, defendant was indicted for possession with intent to distribute cocaine but was convicted of the lesser offense,

---

[1] A violation of Code § 18.2-248(C) is punishable by "imprisonment for not less than five nor more than forty years" and a fine not to exceed $500,000.  The penalty is substantially enhanced upon subsequent convictions.  In contrast, a Class 5 felony is punishable by "imprisonment of not less than one year nor more than ten years" or "confinement in jail for not more than twelve months and a fine of not more than $2,500, either or both."  Code § 18.2-10(e).

-

simple possession, a Class 5 felony.  Had the jury been instructed and acted on the accommodation defense, defendant would have been convicted of the more serious offense of possession with intent to distribute, albeit as an accommodation, also a Class 5 felony.  Thus, clearly, the offense at conviction was less culpable than accommodation possession with intent to distribute, with a like penalty.

It is well established that non-constitutional error "is harmless '[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.'" Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc) (quoting Code § 8.01-678).  "An error does not affect a verdict if a reviewing court can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same."  Id. "The effect of an error on a verdict varies widely 'depending upon the circumstances of the case.'  Each . . . must . . . be analyzed individually to determine if an error has affected the verdict."  Id. at 1009, 407 S.E.2d at 913 (citation omitted).

Under the instant circumstances, the record is clear that the jury declined to convict defendant of possession with intent to distribute, as an accommodation or otherwise, deciding, instead, upon the lesser offense.  Thus, the court's refusal to grant the

-

accommodation instruction had no effect on the verdict.

Accordingly, we affirm the convictions.

<u>Affirmed.</u>