COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bumgardner and Frank
Argued by teleconference


MICHAEL ANTHONY BOOKER

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0710-99-4       JUDGE RUDOLPH BUMGARDNER, III
                                          MAY 9, 2000
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                   William Shore Robertson, Judge

          V. James Ventura (John Carter Morgan, Jr.,
          on brief), for appellant.

          Eugene Murphy, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     After a bench trial, the trial court convicted Michael

Anthony Booker of two counts of distributing cocaine.  On

appeal, he contends the trial court erred in rejecting his

defense of accommodation.  Finding no error, we affirm.

     On appeal, we view the evidence in the light most favorable

to the Commonwealth and grant to it all favorable inferences

fairly deducible therefrom.  See Archer v. Commonwealth, 26 Va.

App. 1, 11, 492 S.E.2d 826, 831 (1997).  Viewed in that manner,

the evidence established a police informant twice approached the

defendant and arranged a purchase of cocaine.

―――――――――――――――――――
          * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

On the first occasion, the informant asked the defendant for a $40 rock of cocaine. The defendant told him to come back later. When the informant returned, the woman, who had previously been with the defendant, met him and took him to a nearby motel. The informant gave her $40, and she entered a motel room. A short time later, the defendant came out of the room and gave the informant a rock of cocaine.

The next day, the informant approached the defendant again and asked for $50 of crack cocaine. The defendant told the informant to come back in 15 minutes, which he did, and then the two returned to the motel. The informant gave the defendant $50. The defendant walked to the rear of the building, and when he returned, he handed the informant crack cocaine.

The defendant contends that he stood in the middle of these transactions and acted only to accommodate the informant. The trial court rejected his claim of accommodation and fixed punishment accordingly. The defendant argues the trial court abused its discretion in rejecting his accommodation defense.

Code § 18.2-248(D) provides for mitigation of punishment where one convicted of distribution is found not to be a drug dealer, "but by an individual citizen . . . motivated by a desire to accommodate a friend, without any intent to profit or to induce or to encourage the use of drugs." Stillwell v. Commonwealth, 219 Va. 214, 219, 247 S.E.2d 360, 364 (1978). The Supreme Court defines "profit" as a "'commercial transaction in

-

which there is a consideration involved.  It does not necessarily mean that a seller of drugs has to sell his drugs to a buyer at a price in excess of the amount the seller paid for the drugs.'"  Hudspith v. Commonwealth, 17 Va. App. 136, 138, 435 S.E.2d 588, 590 (1993) (quoting King v. Commonwealth, 219 Va. 171, 174, 247 S.E.2d 368, 370 (1978)).

"The 'profit' contemplated by the statute is 'any consideration received or expected.'"  Heacock v. Commonwealth, 228 Va. 397, 407, 323 S.E.2d 90, 96 (1984) (defendant who distributed drugs for free not entitled to accommodation defense because it was reasonable to infer that as a dealer he would profit from future transactions).  "A distribution for consideration precludes even an accommodation instruction." Roger D. Groot, Criminal Offenses and Defenses in Virginia, Drug Offenses 164 n.102 (4th ed. 1999) (citations omitted).  See Winston v. Commonwealth, 16 Va. App. 901, 905-06, 434 S.E.2d 4, 6 (1993) (accommodation jury instruction properly refused where evidence established that defendant facilitated sale by procuring drugs and delivering them to informant).

The defendant could only prevail on this appeal if his evidence proved an accommodation as a matter of law.  However, the defendant does not contest that he handed crack cocaine to the informant in exchange for cash.  That exchange of drugs for consideration was a sale in violation of Code § 18.2-248.  Code § 18.2-248(D) establishes a presumption against an accommodation

-

distribution, see Stillwell, 219 Va. at 219, 247 S.E.2d at 364, and requires the defendant to prove accommodation by a preponderance of the evidence. See id. at 225, 247 S.E.2d at 367. The defendant's claim of accommodation, at most, raised an issue of fact to be resolved by the fact finder.

The trial court concluded from the evidence that the defendant did not distribute as an accommodation. Credible evidence in the record supports that finding. The trier of fact weighs the credibility of the witnesses, the weight accorded their testimony, and the inferences to be drawn from proven facts. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). Accordingly, we affirm the defendant's convictions.

Affirmed.