COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Bumgardner and Felton
Argued at Salem, Virginia


TREVEK LAMANE BROOKS
                                   MEMORANDUM OPINION[*] BY
v.   Record No. 3399-01-3        JUDGE RUDOLPH BUMGARDNER, III
                                        NOVEMBER 5, 2002
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                    James F. Ingram, Judge Designate

              Joseph R. Winston, Special Appellate Counsel
              (Public Defender Commission, on briefs), for
              appellant.

              Kathleen B. Martin, Assistant Attorney
              General (Jerry W. Kilgore, Attorney General,
              on brief), for appellee.


        The trial court convicted Trevek Lamane Brooks of

possession of marijuana with intent to distribute in violation

of Code § 18.2-248.[1]  The defendant contends the evidence is

insufficient to prove he intended to distribute and at most

shows an accommodation distribution.  Finding the evidence

sufficient, we affirm the conviction.

        We view the evidence and all reasonable inferences

therefrom in the light most favorable to the Commonwealth.

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

        [1] "[I]t shall be unlawful for any person to . . . possess
with intent to . . . sell, give or distribute a controlled
substance . . . ."  Code § 18.2-248(A).

*Commonwealth v. Taylor*, 256 Va. 514, 516, 506 S.E.2d 312, 313 (1998). While investigating an unrelated complaint, a uniformed police officer saw a car parked on the wrong side of the street. The defendant sat in the driver's seat, and Tyson Wilson sat in the front passenger seat. When the officer approached the vehicle, he saw the defendant holding in his hands two clear plastic bags full of green leafy material and cash. Wilson had a bandana in his hand that contained two pieces of similar plant material.

The officer believed the green leafy material was marijuana, and he thought he was observing a drug transaction. When he told the two occupants to keep their hands visible, the defendant said, "All right, you got me . . . you got me." Wilson told the officer that the defendant was showing him marijuana and cash he had found. The defendant "took about $5 worth [of marijuana] and put it in my hand." Wilson testified he was not attempting to purchase any marijuana and the defendant did not give him any to keep. The marijuana weighed 6.47 ounces (183.7 grams) and the $186 in cash consisted of one $100 bill, one $20, five $10s, and sixteen $1s. The defendant had a pager on his belt. At trial he claimed he had just found the marijuana and cash wrapped in a towel lying in the middle of the street and was showing it to Wilson. No evidence indicated the defendant used marijuana.

In order to prove the defendant possessed marijuana with the intent to distribute, the Commonwealth must prove the defendant possessed the marijuana contemporaneously with his intention to distribute it.  Stanley v. Commonwealth, 12 Va. App. 867, 869, 407 S.E.2d 13, 15 (1991) (en banc).  The defendant does not dispute that he possessed the marijuana that he held in his hands.  The undisputed evidence showed that he had handed Wilson some of it, "enough to role a blunt."  The defendant transferred marijuana to Wilson, and that alone permits the elemental inference that he intended to do that which he did.  Schmitt v. Commonwealth, 262 Va. 127, 145, 547 S.E.2d 186, 199 (2001), cert. denied, 120 S. Ct. 840 (2002).

The defendant contends that at most the evidence proved an accommodation.[2]  The contention implicitly concedes the evidence was sufficient for conviction.  Stillwell v. Commonwealth, 219 Va. 214, 219-20, 247 S.E.2d 360, 364 (1978), held Code § 18.2-248(A) creates "a single offense," and Code § 18.2-248(D) "provides for the mitigation of punishment."  The provision "is relevant to the determination of the proper degree of punishment, but only after guilt has been established."  Id. at 223, 247 S.E.2d at 365.  If the evidence was sufficient to prove the transfer was an accommodation, it necessarily proved a distribution.

---

[2] The defendant did not request an accommodation finding at trial.  Rule 5A:18 controls.

The evidence permits a finding that the defendant intended to distribute the marijuana he held in his hands.  Accordingly, we affirm.

<u>Affirmed.</u>