## Alexandria

REGINALD D. WINSTON

v.

COMMONWEALTH OF VIRGINIA

No. 0535-92-4

Decided August 10, 1993

902

COUNSEL

J. Paul Walla (Ashton, Walla & Associates, P.C., on brief), for appellant.

John H. McLees, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**BRAY, J.**—Reginald D. Winston (defendant) was convicted of two counts of distribution of cocaine. He complains on appeal that the trial court erred (1) in admitting into evidence an unauthenticated copy of a certificate of analysis and (2) in refusing a jury instruction on accommodation distribution. We find no error and affirm the convictions.

The record discloses that, on May 29, 1991, an informant introduced defendant to two Prince William County police detectives. The informant advised defendant that Detective Sandra Exum was a "user of crack cocaine" interested in purchasing the drug. Acting "through" the informant, Exum arranged a "$100 buy" from defendant, who assured that he could "get . . . some crack cocaine," although he "did not have it on him." Defendant then joined the group

in the informant's vehicle and directed them to a residence that defendant alone entered, returning with the cocaine. As defendant "went to hand" the substance to the informant, Exum "took" it from defendant and passed the money to the informant, who "gave it" to defendant.

On June 10, 1991, the detectives and the informant again met defendant, also as arranged by the informant. Defendant arrived driving the informant's automobile, retrieved a small package from the trunk and "handed it" to the informant with instructions to "take care of Sandy (Exum)," "fix [her] up good." While defendant walked to a nearby store to purchase cigarettes, the informant passed the drugs to Exum in exchange for $100, which was given to defendant on his return.

Defendant testified that he was "dating" the informant during this period and was "helping" her "leave drugs alone." Although defendant recalled meeting the detectives, "friends" of the informant, on each occasion, he denied involvement in the transactions.

At trial, the evidence with respect to the second distribution offense included testimony of the chemist that analyzed that cocaine. However, no chemist similarly appeared relative to the first sale, and the Commonwealth presented only a "Certificate of Analysis" (certificate), designated, "COPY," in the upper right-hand corner, which reported the results of the related laboratory tests. Defendant objected to the admission of this certificate and moved for its suppression, contending that the filing of the "copy" with the trial court did not satisfy the requirements of Code § 19.2-187.[1]

Following argument and consideration of the motion, including examination of the challenged certificate, the trial court determined that the document was not a "copy" but, rather, a "duplicate original" and overruled the objection. We agree that, though marked "COPY," the filing of the certificate in issue complied with the statute.

---

[1] In pertinent part, Code § 19.2-187 reads:
In any hearing or trial of any criminal offense or in any proceeding brought pursuant to Chapter 22.1 (§ 19.2-386.1 *et seq.*) of this title, a certificate of analysis of a person performing an analysis or examination, performed in any [approved laboratory] when such certificate is duly attested by such person, shall be admissible in evidence as evidence of the facts therein stated and the results of the analysis or examination referred to therein, provided (i) the certificate of analysis is filed with the clerk of the court hearing the case at least seven days prior to the hearing or trial and (ii) a copy of such certificate is mailed or delivered by the clerk or attorney for the Commonwealth to counsel of record for the accused at least seven days prior to the hearing or trial upon request of such counsel.

■ The contents of a "written report offered to prove the results of testing or of an analysis would generally be inadmissible hearsay evidence," absent authentication and verification by "the person who conducted the testing or prepared the report." *Myrick v. Commonwealth*, 13 Va. App. 333, 336-37, 412 S.E.2d 176, 178 (1991); *Gray v. Commonwealth*, 220 Va. 943, 945, 265 S.E.2d 705, 706 (1980). However, Code § 19.2-187 "imposes a condition for the exoneration of an otherwise hearsay document from the application of the hearsay rule, thus making that document admissible." *Basfield v. Commonwealth*, 11 Va. App. 122, 124, 398 S.E.2d 80, 81 (1990); *Myrick*, 13 Va. App. at 338, 412 S.E.2d at 178. Because this statute "deals with criminal matters, and it undertakes to make admissible evidence which otherwise" might be objectionable, it "should be construed strictly against the Commonwealth and in favor of the accused." *Gray*, 220 Va. at 945, 265 S.E.2d at 706; *Myrick*, 13 Va. App. at 337-38, 412 S.E.2d at 178.

Defendant contends that the filing of a "copy" of the certificate with the court, in lieu of the original, failed to strictly comply with the requirements of Code § 19.2-187. A similar argument was addressed by a panel of this Court in *Myrick* as "a 'best evidence' question, which is whether a copy of the certificate of analysis qualifies as an original or can be filed in lieu of the original for the purposes" of Code § 19.2-187. *Myrick*, 13 Va. App. at 338, 412 S.E.2d at 179. However, if the disputed document constitutes an original, application of the best evidence rule is unnecessary.

■ The certificate in issue was found to be a "duplicate original" by the trial court. Duplicate originals are "made at the same time," "by the same [mechanical] impression," and each is an "exact counterpart of the other." *Chesapeake & O. Ry. v. F.W. Stock & Sons*, 104 Va. 97, 101, 51 S.E. 161, 162 (1905). A duplicate original is accorded the same dignity as an original and, "if otherwise proper," similarly "admissible in evidence." *Virginia-Carolina Chem. Co. v. Knight*, 106 Va. 674, 679, 56 S.E. 725, 727 (1907); *Chesapeake & O. Ry.*, 104 Va. at 101, 51 S.E. at 162; Charles E. Friend, *The Law of Evidence in Virginia* § 195 (3d ed. 1988).

In reviewing the trial court's finding that the certificate in issue was a duplicate original, we must "view the evidence in the light most favorable to . . . the prevailing party below," the Commonwealth, and reverse only if the decision below was "plainly wrong." *Commonwealth v. Grimstead*, 12 Va. App. 1066, 1067, 407 S.E.2d 47,

48 (1991). The certificate was physically before the court, examined by the trial judge and identified as a duplicate certificate by the police officer who received it from the testing laboratory.[2] Thus, the evidence provided abundant support for the conclusion that the certificate was a duplicate original, itself an original for purposes of Code § 19.2-187, and admissible into evidence pursuant to the statute.

Defendant's contention that the evidence supported a jury instruction on accommodation distribution is also without merit. Code § 18.2-248(D) "provides for the mitigation of punishment" in those "instances" of drug distribution "not by a dealer in drugs, . . . but by an individual citizen . . . motivated by a desire to accommodate a friend, without any intent to profit or to induce or to encourage the use of drugs." *Stillwell v. Commonwealth*, 219 Va. 214, 219-20, 247 S.E.2d 360, 364 (1978). However, to benefit from this sentencing advantage, the statute, together with Code § 18.2-263,[3] "place[s] the burden of proving the existence of an accommodation distribution . . . on the shoulders of the defendant," "by a preponderance of the evidence." *Id.* at 222, 225, 247 S.E.2d at 365, 367.

It is well settled that if "more than a mere scintilla" of "credible evidence in the record supports a proffered instruction . . ., failure to give the instruction is reversible error." *Boone v. Commonwealth*, 14 Va. App. 130, 132, 415 S.E.2d 250, 251 (1992). "[T]he weight of the credible evidence that will amount to more than a mere scintilla . . . is a matter to be resolved on a case-by-case basis" by assessing the evidence in "support of a proposition" against the "other credible evidence that negates" it. *Brandau v. Commonwealth*, 16 Va. App. 408, 412, 430 S.E.2d 563, 565 (1993). "[T]he appropriate standard of review requires that we view the evidence with respect to the refused instruction in the light most favorable" to defendant. *Boone*, 14 Va. App. at 131, 415 S.E.2d at 251.

Here, the record is devoid of evidence that defendant acted to accommodate the informant. Assuming that the two shared a personal

---

[2] An examination of the certificate clearly shows that it was simultaneously created with the same impression as its counterparts.

[3] Code § 18.2-263 provides, *inter alia*, that, in any prosecution for a violation of Code § 18.2-248, "it shall not be necessary to negative any exception, excuse, proviso or exemption contained in this article" and places the "burden of proof" of such circumstances "upon the defendant."

relationship at the time of the offenses, the evidence clearly established that defendant procured the drugs and delivered them to the informant only to facilitate a sale to, and consumption by, a "drug-addicted" purchaser, in exchange for consideration from such purchaser. Nothing in these circumstances indicates an accommodation transaction contemplated by Code § 18.2-248(D), and, accordingly, the instruction in issue was properly refused by the trial court. *See Heacock v. Commonwealth*, 228 Va. 397, 406-07, 323 S.E.2d 90, 95-96 (1984); *Schindel v. Commonwealth*, 219 Va. 814, 818, 252 S.E.2d 302, 304 (1979); *Gardner v. Commonwealth*, 217 Va. 5, 7-8, 225 S.E.2d 354, 356 (1976).

For the reasons stated, the judgments of the trial court are affirmed.

*Affirmed.*

Baker, J., and Fitzpatrick, J., concurred.