COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Elder and Fitzpatrick
Argued at Richmond, Virginia


JAMARRIAN CHANRELLE WINGFIELD
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 3000-95-2      JUDGE JOHANNA L. FITZPATRICK
                                           APRIL 1, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Walter W. Stout, III, Judge

        David P. Baugh for appellant.

        Leah A. Darron, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.



     On November 13, 1995, Jamarrian C. Wingfield (appellant) was

found guilty in a bench trial of possession of cocaine with

intent to distribute.  The sole issue on appeal is whether the

procedure for admission of the certificate of drug analysis

provided by Code §§ 19.2-187 and 19.2-187.1 violates appellant's

right to confrontation guaranteed by the Sixth Amendment of the

United States Constitution and Article I, Section 8 of the

Virginia Constitution.  Finding no error, we affirm.

     On May 12, 1995, at approximately 5:00 p.m. Richmond Police

Officer O'Kleasky (O'Kleasky) observed appellant participating in

a drug transaction.  After witnessing an exchange of money and a

white substance, O'Kleasky saw appellant place the remainder of

the drugs down the front of his pants.  He radioed a description

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

of appellant to his "take-down team," and Officers Corrigan and Williams (Williams) located and arrested appellant. At that time they recovered a bag containing a white substance from the front of his pants, a pager and $1,489 in U.S. currency. The drugs were forwarded to the Division of Forensic Science.

At trial on November 13, 1995, the Commonwealth moved pursuant to Code §§ 19.2-187 and 19.2-187.1, to introduce the certificate of analysis of the white substance taken from appellant at the time of his search and arrest. The Commonwealth sought to use the certificate to show that Williams submitted one plastic bag containing caked tan powder for analysis, and that Robert R. Steiner, a forensic scientist, analyzed the substance and determined it to be 23.99 grams of cocaine. Appellant objected to the admission of the certificate; however, the trial court overruled appellant's "confrontation . . . as to the certificate" objection, noted appellant's continuing objection, and admitted the certificate.

Appellant contends that because Code §§ 19.2-187 and 19.2-187.1 permit the introduction of an affidavit (i.e., the certificate of analysis) without requiring a face-to-face confrontation with the person who performed the chemical analysis, these sections violate his confrontation rights. Appellant argues that Code §§ 19.2-187 and 19.2-187.1 are unconstitutional because they allow the government to conduct a trial by affidavit.

It is well established that the admissibility of evidence lies within the broad discretion of the trial court, whose ruling will not be disturbed on appeal absent a clear abuse of discretion. Coe v. Commonwealth, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986). The Sixth Amendment Confrontation Clause, made applicable to the States through the Fourteenth Amendment, provides that "'[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him.'" Ohio v. Roberts, 448 U.S. 56, 62 (1980). However, an accused's right to confront and cross-examine is "'not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process.'" Baugh v. Commonwealth, 14 Va. App. 368, 371, 417 S.E.2d 891, 893 (1992) (quoting Chambers v. Mississippi, 410 U.S. 284, 295 (1973)); see also Maryland v. Craig, 497 U.S. 836 (1990). Additionally, a confrontation claim presupposes the denial of a request to confront and cross-examine witnesses. See United States v. Inadi, 475 U.S. 387, 393-94 (1986); Evans v. Thompson, 881 F.2d 117, 123 (4th Cir. 1989), cert. denied, 497 U.S. 1010 (1990).

The rights granted to a defendant under the Confrontation Clause are not violated by admitting into evidence against him the certificate of analysis which falls within a "firmly rooted" hearsay exception. See Raia v. Commonwealth, 23 Va. App. 546, 551-52, 478 S.E.2d 328, 331 (1996) (citing White v. Illinois, 502 U.S. 346, 356-57 (1992)); see also Bourjaily v. United States,

3

483 U.S. 171 (1987); <u>Roberts</u>, 448 U.S. at 66.  Moreover,

laboratory analyses identifying controlled substances have long

been admissible as a business record under Federal Rule of

Evidence 803(6).  <u>See</u> <u>United States v. Roulette</u>, 75 F.3d 418,

421-22 (8th Cir. 1996), <u>cert. denied</u>, ___ U.S. ___, 117 S. Ct.

147, 136 L.E.2d 93 (1996).  In the instant case, the certificate

of drug analysis was admitted under Code §§ 19.1-187 and

19.2-187.1, Virginia's statutory equivalent to FRE 803(6).

Code § 19.2-187 provides, in part:

In any hearing or trial of any criminal
offense . . . a certificate of analysis of a
person performing an analysis or examination,
. . . when such certificate is duly attested
by such person, shall be admissible in
evidence as evidence of the facts therein
stated and the results of the analysis or
examination referred to therein, provided (i)
the certificate of analysis is filed with the
clerk of the court hearing the case at least
seven days prior to the hearing or trial and
(ii) a copy of such certificate is mailed or
delivered by the clerk or attorney for the
Commonwealth to counsel of record for the
accused at least seven days prior to the
hearing or trial upon request of such
counsel.

*     *     *     *     *     *     *

Any such certificate of analysis
purporting to be signed by any such person
shall be admissible as evidence in such
hearing or trial without any proof of the
seal or signature or of the official
character of the person whose name is signed
to it.

Code § 19.2-187.1 provides:

The accused in any hearing or trial in
which a certificate of analysis is admitted

4

into evidence pursuant to § 19.2-187 . . . shall have the right to call the person performing such analysis or examination or involved in the chain of custody as a witness therein, and examine him in the same manner as if he had been called as an adverse witness.  Such witness shall be summoned and appear at the cost of the Commonwealth.

In Winston v. Commonwealth, we held as follows:

The contents of a "written report offered to prove the results of testing or of an analysis would generally be inadmissible hearsay evidence," absent authentication and verification by "the person who conducted the testing or prepared the report."  However, Code § 19.2-187 "imposes a condition for the exoneration of an otherwise hearsay document from the application of the hearsay rule, thus making the document admissible."  Because this statute "deals with criminal matters, and it undertakes to make admissible evidence which otherwise" might be objectionable, it "should be construed strictly against the Commonwealth and in favor of the accused."

16 Va. App. 901, 904, 434 S.E.2d 4, 5 (1993) (quoting Gray v. Commonwealth, 220 Va. 943, 945, 265 S.E.2d 705, 706 (1980)) (other citations omitted).  Thus, it is generally recognized that "Code § 19.2-187 creates an exception to the hearsay rule and permits the written analysis to be admitted into evidence without requiring the in-court presence of the person who prepared the document."  Allen v. Commonwealth, 3 Va. App. 657, 662-63, 353 S.E.2d 162, 165 (1987) (citation omitted).

"Since the statute authorizes the admission into evidence of documents whose reliability had not been independently proven, the requirement that the certificate be filed seven days in

5

advance provides some guarantee of trustworthiness in that it gives an accused an opportunity to verify the results <u>or to subpoena and challenge those who constructed the analysis, should that be a contested issue</u>." <u>Myrick v. Commonwealth</u>, 13 Va. App. 333, 337, 412 S.E.2d 176, 178 (1991) (emphasis added). <u>See also</u> <u>Kay v. United States</u>, 255 F.2d 476, 479-80 (4th Cir. 1958) (holding that then Code § 18.2-75.2 did not violate the Confrontation Clause); <u>United States v. Farmer</u>, 820 F.Supp. 259 (W.D. Va. 1993) (holding that certificate of blood alcohol analysis did not violate Confrontation Clause and was admissible under the business records exception to the hearsay rule).

No violation of appellant's right of confrontation occurred. Appellant had the express statutory right pursuant to Code § 19.2-187.1 to subpoena the chemist performing the analysis or the person involved in the chain of custody to testify at trial and be available for his examination. Appellant's choice not to avail himself of that process does not constitute a denial of his confrontation right. Virginia's statutory scheme provides a mechanism for governmental and judicial economy by obviating the need for the prosecution to call the preparer and chain of custody witness. The statutes provide a defendant with adequate notice that the prosecution intends to rely on the certificate and affords a defendant the absolute right to call the preparer or chain of custody witness as an adverse witness should he so desire. Thus, no violation of either the United States or

Virginia Constitution occurs by use of the statutory procedure authorized by Code §§ 19.2-187 and 19.2-187.1.

For the foregoing reasons, we affirm the conviction.

<u>Affirmed.</u>