COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


DARREL HICKS, S/K/A
 DARRELL ALSAAH HICKS

                                    MEMORANDUM OPINION[*] BY
v.          Record No. 3139-96-1    JUDGE RICHARD S. BRAY
                                      FEBRUARY 17, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                     Thomas S. Shadrick, Judge

          Andrea C. Long (Charles C. Cosby, Jr.; Boone,
          Beale, Carpenter & Cosby, on brief), for
          appellant.

          Steven A. Witmer, Assistant Attorney General
          (Richard Cullen, Attorney General, on brief),
          for appellee.


     Darrell Hicks (defendant) and codefendant Randy Cummings

were convicted in a joint jury trial for the robbery and

abduction of Timothy Price.  Defendant complains that the trial

court erroneously refused accessory-after-the-fact to robbery and

petit larceny instructions and, further, that the evidence was

insufficient to support the convictions.  Finding no error, we

affirm the judgments of the trial court.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

     Timothy Price, a "route driver" for Old Dominion Tobacco

Company, arrived for work on the morning of January 14, 1993, and

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

loaded his delivery truck with sundry merchandise valued in excess of $9,000.  As he started the engine, a man opened the truck door and confronted Price with a gun.  Although a "bandanna" covered the intruder's face, Price recognized codefendant Cummings, a former employee of Old Dominion Tobacco Company, "right off."  Cummings ordered Price to the floor of the truck, drove the vehicle to a vacant lot and "frisked" Price, taking his glasses and wallet, which contained approximately $38.  Cummings then "put tape around [Price's] eyes," handcuffed his wrists and ordered him inside the truck, commanding, "Do what I say!".

Cummings drove the truck to another location, again stopped, and called, "Hey T" or "D."  Price then detected the presence of a second person as "they" locked him in the rear of the truck and proceeded to yet another destination.  En route, Price freed himself from the handcuffs, removed the tape from his eyes, and began "banging on the truck door."  Cummings immediately ordered, "cut that out."  Shortly thereafter, "they opened the back of the truck just a little[,] . . . pointed a gun" at Price and once more handcuffed and taped him "around [the] eyes and mouth." Price was then transferred to a car, where the driver repeatedly warned, "do as I say," and "don't move and you won't get hurt." Price immediately identified defendant, also a former employee of Old Dominion Tobacco Company, by the sound of his voice.

When Price was eventually released on the "outskirts" of

Franklin, defendant removed the handcuffs.  Price pulled the tape from his eyes and observed the "silhouette" of a white Volvo speeding away.  Price recalled that defendant had shown Price his white Volvo "a couple of times" at work.  At trial, Price expressed "zero doubts" that defendant and Cummings were the perpetrators.

Both Cummings and defendant denied involvement in the offenses.  Defendant testified that he was employed by Old Dominion Tobacco Company until August, 1992, admitted an acquaintance with both Price and Cummings but denied showing Price his Volvo automobile.  He claimed to be in his Richmond home, asleep, on the morning of the crimes.  Defendant's cousin testified that defendant's Volvo was inoperable during January, 1993, but conceded that the car would "crank up."

### Proffered Jury Instructions

The principles governing our review of a trial court's decision refusing a jury instruction are well-settled.  "If any credible evidence in the record supports a proffered instruction on a lesser included offense, failure to give the instruction is reversible error."  "Such an instruction, however, must be supported by more than a mere scintilla of evidence."

Brandau v. Commonwealth, 16 Va. App. 408, 411, 430 S.E.2d 563, 564 (1993) (citations omitted).  "'[T]he weight of the credible evidence that will amount to more than a mere scintilla . . . is a matter to be resolved on a case-by-case basis' by assessing the evidence in 'support of a proposition' against the 'other

credible evidence that negates' it." Winston v. Commonwealth, 16 Va. App. 901, 905, 434 S.E.2d 4, 6 (1993) (quoting Brandau, 16 Va. App. at 411-12, 430 S.E.2d at 565).  "[T]he appropriate standard of review requires that we view the evidence with respect to the refused instruction in the light most favorable to [defendant]." Brandau, 16 Va. App. at 411, 430 S.E.2d at 564-65 (citation omitted).

Here, defendant contends that the trial court erroneously refused instructions on accessory-after-the-fact to robbery and petit larceny.  However, defendant testified at trial that he was elsewhere during the offenses and was innocent of the crimes. Manifestly, such evidence suggested no involvement as an accessory-after-the-fact, and nothing in the record otherwise justified such instruction.  Similarly, the uncontradicted evidence fixed the value of the stolen property well in excess of $200, offering no support for a petit larceny instruction.

Sufficiency of the Evidence

"Where the sufficiency of the evidence is challenged after conviction, it is our duty to consider it in the light most favorable to the Commonwealth and give it all reasonable inferences fairly deducible therefrom.  We should affirm the judgment unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). "The credibility of a witness, the weight accorded the testimony,

and the inferences to be drawn from proven facts are matters solely for the fact finder's determination." Spivey v. Commonwealth, 23 Va. App. 715, 724, 479 S.E.2d 543, 548 (1997).

The instant record discloses that defendant and Cummings had once worked with Price at Old Dominion Tobacco Company. Price was familiar with defendant's physical appearance, voice characteristics and white Volvo car. He identified both defendant and Cummings with certainty and observed a white Volvo leaving the scene of his release. The jury was convinced by Price's identifications and other evidence linking defendant and Cummings to the offenses, while disbelieving their protestations of innocence. The resulting verdicts were, therefore, well supported by the evidence and will not be disturbed on appeal.

Accordingly, we affirm the convictions.

Affirmed.