UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

ROLAND D. JOHNSON,
　　　　　*Defendant-Appellant.*

No. 02-4175

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-01-194)

Submitted: June 28, 2002

Decided: August 30, 2002

Before LUTTIG, MOTZ, and TRAXLER, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**COUNSEL**

Robert J. Wagner, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Nicholas S. Altimari, Assistant United States Attorney, Darcey Donehey, Third-Year Law Intern, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Roland D. Johnson appeals from the sentence imposed after he pled guilty to possession of marijuana, in violation of 21 U.S.C.A. § 844 (West 1999), and possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1) (West 2000). On appeal, Johnson challenges the sentencing enhancement he received for having a previous conviction for a controlled substance offense, and the district court's denial of his motions for downward departure based upon lesser harms and voluntary disclosure. Finding no error, we affirm in part and dismiss in part.

The Guidelines allow for an enhancement when there is a previous conviction for a controlled substance offense. *U.S. Sentencing Guidelines Manual* § 2K2.1(a)(4)(A) (2000). Under USSG § 4B1.2, a "controlled substance offense" includes distribution or possession with intent to distribute a controlled substance. Johnson argues that his conviction for distribution as an accommodation is not the same as distribution or possession with intent to distribute and thus, is not a controlled substance offense.

The district court overruled Johnson's objection to the enhancement, and found that although Johnson established that his state conviction involved distributing drugs as an accommodation rather than for profit, the offense was more than simple possession, it was possession with intent to distribute a controlled substance. We conclude that Virginia state law amply supports the district court's conclusion. *See Winston v. Commonwealth*, 16 Va. App. 901, 434 S.E.2d 4 (1993) (holding that accommodation is a mitigation of punishment); *McCoy v. Commonwealth*, 9 Va. App. 227, 234, 385 S.E.2d 628, 632 (1989) ("While the legislature had seen fit to make distribution of cocaine as an accommodation punishable with less severity than distribution for profit, the gravamen of the offense is possession of the drug with

intent to distribute it to another."); *Stillwell v. Commonwealth*, 219 Va. 214, 222, 247 S.E.2d 360, 365 (1978) ("The provisions of § 18.2-248(a), which deal with the reduced penalty contingent upon proof of an accommodation gift, distribution, or possession of marijuana operate only to mitigate the degree of criminality or punishment, rather than create two different substantive offenses as the defendants contend."); *Gardner v. Commonwealth*, 217 Va. 5, 8, 225 S.E.2d 354, 356 (1976) (distribution for accommodation creates two defined gradations of offenses, not two separate offenses). Accordingly, we affirm this portion of the judgment.

Next, Johnson alleges that the district court erred in denying his motions for a downward departure based upon lesser harms, USSG § 5K2.11, and voluntary disclosure, USSG § 5K2.16, based on a belief that it did not have authority to depart on these grounds. A district court's decision not to depart may be reviewed when it is based on a mistaken belief that it lacks authority to depart. *United States v. Edwards*, 188 F.3d 230, 238 (4th Cir. 1999), *cert. denied*, 528 U.S. 1130 (2000). However, no review is available when the district court recognizes its authority to depart but decides that the facts and circumstances do not warrant a departure. *United States v. Brock*, 108 F.3d 31, 33 (4th Cir. 1997). We have reviewed Johnson's arguments that the district court mistakenly believed that it did not have authority to depart on these bases and conclude that the court knew it had authority to depart and exercised its discretion in denying the motions for downward departure. We therefore dismiss this portion of the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; DISMISSED IN PART*