**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5068

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KARL KEVIN HILL,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert E. Maxwell, Senior District Judge. (2:04-cr-00030-REM-1)

Submitted: May 30, 2007          Decided: August 16, 2007

Before MICHAEL and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Marjorie Anne McDiarmid, WEST VIRGINIA UNIVERSITY, Morgantown, West Virginia, for Appellant. Sharon L. Potter, United States Attorney, Stephen D. Warner, Assistant United States Attorney, Elkins, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Karl Kevin Hill pled guilty to conspiracy to distribute methamphetamine and marijuana. He was sentenced to the statutory mandatory minimum sentence of ten years. 21 U.S.C.A. § 841(b)(1)(B) (West Supp. 2006). He appeals his conviction and sentence, and we affirm.

I.

On September 22, 2004, police officers went to Karl Kevin Hill's home in search of a fugitive. The officers knew that Hill was a convicted felon. Sergeant Cunningham knocked on the front door and announced his presence. When no one responded, he pushed the door open and stepped into the residence. As he stepped inside, he was met by Hill, who stated that the fugitive had left and refused permission to search the house. Cunningham asked another individual in the house what his name was, and he identified himself. When Cunningham stated that he too was a fugitive, the individual fled toward the back of the house. Cunningham pursued, and during this brief pursuit, he noticed a rifle in plain view.

While other officers detained the fugitive, Cunningham arrested Hill for being a felon in possession of a firearm. Meanwhile, two officers who had walked behind the house smelled the "chokingly strong" odor of a methamphetamine laboratory coming from

a trailer behind the residence. They asked Hill for permission to search his trailer, and Hill said that the trailer did not belong to him, and instead was owned by his sister. Hill told the officers where his sister lived, and they traveled to her home to seek permission to search the trailer. Hill's sister gave written consent, stating that she was the owner of the trailer, and the police officers found an operational methamphetamine laboratory inside.

Hill moved to suppress items seized during the search of his home and of his sister's trailer. The district court suppressed the items seized from his home, including the firearm, finding that Cunningham improperly entered Hill's home without a warrant or exigent circumstances. The court denied the motion to suppress the evidence found in the trailer, reasoning that Hill had no Fourth Amendment interest in the trailer because he denied ownership or control.

On April 15, 2005, Hill pled guilty to conspiracy to possess with the intent to distribute marijuana and methamphetamine. Hill was released pending sentencing to permit him to cooperate with the Government in hopes of earning a substantial assistance departure. However, once on release, Hill made no attempts to assist the authorities.

On February 13, 2006, Hill moved to withdraw his guilty plea, stating that, while in police custody, he had been denied

medical assistance for his serious knee injury. Because the Government had informed him that, if he pled guilty, they would not oppose his motion for bond, Hill pled guilty in order to be released from prison and seek medical attention. Thus, he claimed that his plea was coerced and given under duress.

Hill also moved to reconsider the ruling that the evidence seized from the trailer was admissible against him. He argued that, under the new decision in Georgia v. Randolph, 547 U.S. 103, 126 S. Ct. 1515 (2006), he had standing to challenge the search and his sister lacked actual and apparent authority to consent. The Government responded, objecting to the relitigation of any matters not affected by Randolph.

The magistrate judge recommended denying both the motion to withdraw Hill's guilty plea and his motion to reconsider. Regarding the motion to withdraw, the magistrate judge conducted an analysis of the six-factor test outlined in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). When discussing the first factor—whether the defendant has offered credible evidence that his plea was not voluntary—the magistrate judge noted that there was no mention of Hill's medical condition, pain therefrom, or lack of treatment by Hill, his counsel, or any other person present at the plea hearing. The magistrate judge also stated as follows:

> The undersigned is suspicious of the fact that Hill had the opportunity to call his former counsel, Sean Murphy, to testify at the hearing before the undersigned as to any knowledge Murphy may have had relative to Hill's

- 4 -

> current claim that he entered a guilty plea to obtain release to get medical treatment and did not do so. Instead, Hill asks the undersigned to make a connection between his pre-existing medical condition, attempts to get treatment while incarcerated and his getting medical attention as soon as he was released . . . and his present claim that his plea was involuntary. To do so, the undersigned would have to engage in rank speculation.

The magistrate judge further noted that Hill did not take the stand.

The magistrate judge also addressed another factor — whether Hill has made a credible assertion of legal innocence — and considered Hill's claim that he is legally innocent by virtue of the application of Randolph, where the Supreme Court held that "a warrantless search of a shared dwelling for evidence over the express refusal of consent by a physically present resident cannot be justified as reasonable as to him on the basis of consent given to the police by another resident." 126 S. Ct. at 1526. The magistrate judge found that the facts of Hill's case were significantly different from the facts in Randolph. Specifically, Hill did not refuse consent to search; instead, he claimed that the trailer was not his and that the police would need to seek consent from his sister.

In addition, the magistrate judge rejected Hill's contention that his sister lacked "common authority" over the trailer, sufficient to give consent. The judge considered Hill's express disavowal, as well as his sister's statements that the

trailer was on her land and that she stored her personal belongings there.[1]  The magistrate judge then concluded that Hill's sister had common authority to consent to the search and that, therefore, Hill had failed to credibly assert either his actual or legal innocence. Thus, the magistrate judge recommended denying Hill's motion to withdraw his guilty plea and his motion to reconsider.

The district court adopted the report and recommendation and ruled that Hill waived standing to challenge the search and that Hill had not presented "any real evidence of duress."  Thus, the court denied Hill's motion to withdraw and his motion for reconsideration.

Because he had a previous felony drug conviction, Hill faced a mandatory statutory minimum sentence of ten years imprisonment.  See 21 U.S.C. § 841(b)(1)(B) (2000).  At sentencing, Hill challenged the district court's conclusion that his previous Virginia conviction for possession and distribution of marijuana was a felony offense.  The court overruled his objection, and Hill was sentenced to ten years in prison.[2]

---

[1]Hill's sister also stated that the trailer was not titled in anyone's name and that she had not been over there for over a year.

[2]Hill's guideline range was 78-97 months' imprisonment.

II.

Hill challenges the denial of his motion to withdraw his guilty plea on two grounds: first, he asserts that the district court improperly drew negative inferences from his assertion of attorney-client privilege and the Fifth Amendment, and second, he claims that his motion to suppress was wrongly decided, thus demonstrating his innocence. Withdrawal of a guilty plea is not a matter of right. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). The defendant bears the burden of showing a "fair and just reason" for the withdrawal of his guilty plea. Fed. R. Crim. P. 11(d)(2)(B). "[A] 'fair and just' reason . . . is one that essentially challenges . . . the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). An appropriately conducted Rule 11 proceeding, however raises a strong presumption that the guilty plea is final and binding. Id. We consider six factors in determining whether to permit the withdrawal of a guilty plea:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the Government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

Moore, 931 F.2d at 248. The denial of a motion to withdraw a guilty plea is reviewed for an abuse of discretion. Ubakanma, 215

F.3d at 424. A defendant must show prejudice for a district court's ruling to constitute an abuse of discretion. <u>United States v. West</u>, 877 F.2d 281, 288 (4th Cir. 1989).

The only evidence presented by Hill in support of his motion to withdraw was medical evidence showing that he had a serious knee injury, that he was not given immediate treatment in jail, and that once he was released, he immediately sought and was given treatment. Hill presented absolutely no evidence tying these facts to his guilty plea. While he was released pending sentencing, the reason given on the record at his plea colloquy was that Hill was being given a chance to cooperate in hopes of securing a departure based on his substantial assistance. Further, at his plea hearing, Hill testified that he had no impairment preventing him from fully participating in the hearing, that he had not received any promises or inducement except those contained in the plea and cooperation agreements, and that his attorney had not left anything undone that he thought should be done on his behalf. Moreover, the record reflects that, while in prison prior to his plea, Hill sought outside medical treatment and was granted permission to see a doctor outside the jail. Thus, even if the magistrate judge's comments constituted improper inferences, the court clearly did not abuse its discretion in determining that Hill had failed to offer credible evidence that his plea was involuntary.

Hill next challenges the district court's denial of his motion to suppress the evidence found in the trailer. He contends that (1) his disavowal of the trailer was involuntary and should have been suppressed as it followed his illegal arrest, and (2) his sister lacked "common authority" over the trailer. He asserts that, because he can show that the motion to suppress was improperly denied, he has made a credible showing of legal innocence.[3]

Even if Hill's disavowal should not bar him from challenging the subsequent search, he must still show that his sister lacked "common authority" in order to show that the evidence should have been suppressed. The Government can justify a warrantless search by showing permission to search by "a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected." United States v. Matlock, 415 U.S. 164, 171 (1974). Authority to consent arises from mutual use of the property by those with joint access or control, so that a cohabitant would recognize the risk

_____

[3]While in general a properly represented defendant who pleads guilty waives the right to withdraw his guilty plea in order to pursue Fourth Amendment claims, see Vasquez v. United States, 279 F.2d 34, 36-37 (9th Cir. 1960), here the district court narrowly revisited the issue after the Supreme Court's decision in Georgia v. Randolph, 547 U.S. 103 (2006), and only in the context of Hill's motion to withdraw his guilty plea. Because motions to withdraw guilty pleas are entrusted to the sound discretion of the trial court, we will review the issue to the extent the district court examined it.

that another might allow a common area to be searched. <u>Trulock v. Freeh</u>, 275 F.3d 391, 403 (4th Cir. 2001). "[T]he exception for consent extends even to entries and searches with the permission of a co-occupant whom the police reasonably, but erroneously, believe to possess shared authority as an occupant." <u>Randolph</u>, 547 U.S. at 103. "[I]t would be unjustifiably impractical to require the police to take affirmative steps to confirm the actual authority of a consenting individual whose authority was apparent." <u>Id.</u>

Here, Hill told the officers that his sister owned the trailer and that they had to seek consent from her. He then gave them directions to her house. While his statements may not constitute abandonment of his standing to challenge the search, Hill provides no legal support for the conclusion that the officers were not entitled to rely on this information in determining whether the sister had authority to grant consent. Whether Hill's statements were true or not, the police officers acted on them and confirmed their validity when speaking with Hill's sister. Specifically, Hill's sister was found at the address stated by Hill, and she agreed that she owned the property, stated that she stored personal items there, and did not state that she lacked authority to grant consent. Thus, we hold that the police acted reasonably in relying on Hill's sister's consent. <u>See</u> <u>United States v. Kinney</u>, 953 F.2d 863, 867 (4th Cir. 1992) (holding that officers acted reasonably in relying on the consent of cohabitant

to search a locked closet when she produced a key, even though it turned out that the defendant kept the closet locked and did not give the cohabitant permission to use it).

Accordingly, the district court properly denied the motion to suppress the evidence found in the trailer. As such, Hill has failed to make a credible showing of legal innocence to support his motion to withdraw his guilty plea.

Further, even assuming that the district court's findings regarding duress and the motion to suppress were somehow suspect, the court's remaining findings would still support the denial of the motion. Specifically, the court found that Hill delayed for nearly ten months after his guilty plea before filing his motion to withdraw. In fact, his challenge was not made until Hill found out that the Government was not going to make a motion for a substantial assistance departure. Thus, although he would have known that he had been coerced to plead guilty at the time of his plea, he delayed informing the court of his reasons until it proved advantageous to him. Further, Hill had close assistance of counsel throughout his proceeding, resulting in a partially successful motion to suppress and a successful motion for outside medical care. In addition, it would be a waste of judicial resources to permit the withdrawal of the plea after such a long delay.

Finally, even if the motion to suppress was improperly granted, Hill has still not made a credible showing of innocence.

The factual basis given at his plea hearing, with which Hill agreed, showed that others present at the time of Hill's arrest had also been involved in making methamphetamine and that witnesses had admitted to being involved with Hill and his methamphetamine lab. In addition, the presentence report states that five witnesses testified in front of the grand jury about Hill's methamphetamine business, each of which was also part of the business. They testified in detail about the regularity of Hill's business, the jobs of the other members of the conspiracy, and how firearms were regularly traded for methamphetamine. Hill offered no evidence disputing the factual basis which was presented at his plea colloquy, and he proffers no challenge to the Government's potential witnesses. Thus, regardless of the correctness of the decision on the motion to suppress, Hill failed to credibly assert his legal innocence. Further, on appeal, Hill does not dispute that his delay was intentional and lengthy, that he had close assistance of counsel, or that it would be a waste of judicial resources to permit withdrawal of his plea.

Based on the foregoing, we find that Hill was not prejudiced by any errors of the district court in deciding his motion to withdraw his guilty plea. Accordingly, the district court did not abuse its discretion in denying Hill's motion.

III.

Hill challenges the calculation of his statutory mandatory minimum sentence, arguing that he did not have a prior drug felony sufficient to trigger the enhanced minimum. Specifically, Hill was convicted of possession and distribution of more than half an ounce, but less than five pounds, of marijuana. Under Virginia law, the conviction was a Class 5 felony, punishable by not less than one year nor more than ten years in prison. Va. Code Ann. §§ 18.2-10, 18.2-248.1(a)(2) (Supp. 2004). However, "[i]f such person proves that he gave, distributed or possessed . . . marijuana only as an accommodation to another individual and not with intent to profit . . . he shall be guilty of a Class 1 misdemeanor." Va. Code Ann. § 18.2-248.1. Hill was only sentenced to one year on this offense. Thus, he contends that it was possible that he was convicted only of a misdemeanor and that, therefore, the enhancement was improper.

We have held that a "felony drug offense" under § 841(b) is defined in 21 U.S.C.A. § 802(44) (West Supp. 2006) to mean "an offense that is punishable by imprisonment for more than one year under any law . . . that prohibits or restricts conduct relating to . . . drugs." United States v. Burgess, 478 F.3d 658, 662 (4th Cir. 2007). Thus, the issue is not whether the crime is classified as a misdemeanor under state law or what the defendant's actual

prior sentence was, but rather whether the prior conviction's maximum possible sentence was over a year.  Id.

Here, the district court concluded that Hill was convicted of a crime punishable by over one year.  The district court correctly determined that, even if Hill was found to have distributed drugs as an accommodation rather than for profit (Hill presents no evidence that this is true), he was still convicted of a "prior drug felony" under the federal statute, because the offense was potentially punishable by over a year in prison.  Virginia state law also supports this conclusion.  See Winston v. Commonwealth, 434 S.E.2d 4, 6 (Va. App. 1993) (accommodation statute provides for mitigation of punishment); Stillwell v. Commonwealth, 247 S.E.2d 360, 365 (Va. 1978) ("The provisions of § 18-248(a), which deal with the reduced penalty contingent upon proof of an accommodation gift distribution, or possession of marijuana operate only to mitigate the degree of criminality or punishment, rather than to create two different substantive offenses."); Gardner v. Commonwealth, 225 S.E.2d 354, 356 (Va. 1976) (distribution for accommodation creates two defined gradations of punishment, not two separate offenses).  Thus, the district court properly calculated Hill's sentence.

Accordingly, we affirm Hill's conviction and sentence.[4] We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[4]In his reply brief, Hill attempted to raise new claims. However, these claims are barred by his failure to raise them in his opening brief. See Yousefi v. INS, 260 F.3d 318, 326 (4th Cir. 2001).