COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Frank and Clements
Argued at Richmond, Virginia


JERMAINE ALFONZO HARRIS

MEMORANDUM OPINION[*] BY
v.    Record No. 2155-00-2        JUDGE ROBERT P. FRANK
                                  AUGUST 21, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
James B. Wilkinson, Judge

Reginald M. Barley for appellant.

John H. McLees, Jr., Senior Assistant
Attorney General (Mark L. Earley, Attorney
General, on brief), for appellee.


Jermaine Alfonzo Harris (appellant) appeals his sentence

after being convicted of second-degree murder. On appeal, he

contends the trial court erred in: 1) overruling his motion for

separate sentencing and 2) instructing the jury on the theory of

concert of action during the sentencing proceeding.

I.  BACKGROUND

On April 29, 1998, Vincent Hall (victim) was beating Mabel

Smith, Shateema Smith's mother, outside the Ruffin Road

apartments. Shateema and Darlene Kittrell arrived and saw the

victim punching Mabel and asking her for his money. After

Shateema approached and tried to push the victim off of her

---

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

mother, the victim stood up and tried to hit Shateema. Travis Kittrell, Darlene's son, then punched the victim. A crowd of young men, including appellant and his codefendants, Isham Davis and Robert Davis, surrounded the victim and knocked him to the ground.

Darlene Kittrell testified she took her son, Travis, into her house and then returned to the scene of the fight. She testified she saw the victim on the ground while the crowd kicked and stomped him. She testified that Isham Davis and Robert Davis stomped the victim in the head. Although appellant kicked the victim, she testified he only kicked the victim in the legs, not in the head.

Darlene Kittrell stated that the kicking and stomping continued for twenty to twenty-five minutes. She testified the crowd only stopped when the police arrived. The victim died at the scene.

Travis Kittrell testified Robert Davis went into the house with him and did not leave the house until after the fight ended. He stated he did not see Robert Davis kick or stomp the victim. Travis also testified that he did not see Isham Davis stomp or kick the victim. He stated that Isham Davis was standing on a hill that was approximately ten feet away from the victim.

The jury convicted appellant of second-degree murder and sentenced him to twenty years in prison. The trial court

-

imposed the twenty-year sentence.  On January 11, 2000, this Court, by memorandum opinion, reversed the trial court's sentencing order and remanded the case for re-sentencing.  See Harris v. Commonwealth, No. 2568-98-2 (Va. Ct. App. Jan. 11, 2000).

At re-sentencing,[1] appellant moved to sever sentencing from his codefendants.  The trial court overruled that motion and ordered that all three codefendants be sentenced together.

On June 29, 2000, a jury was empanelled.  Relevant portions of the testimony detailing the crime were read to the jury.  The Commonwealth also introduced evidence regarding each defendant's criminal history and called the victim's mother to testify as to the impact of the crime.  In mitigation, the three codefendants introduced other portions of the trial testimony concerning how the fight began, together with the testimony of Robert Davis' mother.

---

[1] The version of Code § 19.2-295.1 in effect at the time stated, in part:

> If the sentence on appeal is subsequently set aside or found invalid solely due to an error in the sentencing proceeding, the court shall impanel a different jury to ascertain punishment, unless the defendant, the attorney for the Commonwealth and the court agree, in the manner provided in § 19.2-257, that the court shall fix punishment.

-

At the conclusion of evidence, the trial court, <u>sua</u> <u>sponte</u>, and over appellant's objection, orally instructed the jury on the theory of concert of action.  He stated:

> If there is a concert of action with the resulting crime one of its incidental probable consequences, then whether such crime was originally contemplated or not, all who participate in any way in bringing it about are bound by the acts of every other person connected with the consummation of such resulting crime.  Now, that does not mean that you have to give all three of the defendants the same punishment.  That just says that they're all bound by the acts of the other.  You decide the punishment for each individual defendant.  Do you understand that?  All right.

After deliberation, the jury then returned identical twelve-year sentences for appellant and his two codefendants.

## II.  ANALYSIS

Appellant contends the trial court erred in instructing the jury on the theory of concert of action.  He argues that because he and his codefendants received identical sentences, the jury must have felt compelled by the court's instruction to give each defendant the same punishment and did not consider his mitigating evidence.  Appellant argues that the trial court's admonition to the jury that they must sentence each codefendant individually did not remedy the prejudice caused by the instruction on concert of action.

In the case of appellant's codefendants, <u>Davis v. Commonwealth</u>, ___ Va. App. ___, ___ S.E.2d ___ (July 31, 2001),

-

this Court found that the trial court did not err in giving such an instruction.  We are bound by that ruling.  See Commonwealth v. Burns, 240 Va. 171, 173-74, 395 S.E.2d 456, 457 (1990) (a panel decision of the Court of Appeals is established precedent and is binding under the rules of stare decisis).  The trial court did not err in giving the concert of action instruction.

Appellant further contends the trial court erred in denying his motion for a separate re-sentencing hearing.  He argues that sentencing at the same proceeding as his codefendants prejudiced him, violating his right to "individual sentencing."

Continuing, appellant contends that with a separate sentencing, the jury would have been permitted to view appellant's background and criminal history in making an individualized determination of sentence.  We find nothing in the record to indicate that the jury did not "individualize" appellant's sentencing.  The jury heard testimony of the acts of each of the three codefendants.  The jury could determine the levels of culpability.  The transcript reveals that appellant's counsel argued to the jury that appellant's involvement was minimal and that the other participants caused the victim's death.

Appellant correctly states that each defendant is entitled to individualized sentencing.  As the Supreme Court has said, "We begin by recognizing that the concept of individualized sentencing in criminal cases generally, although not

-

constitutionally required, has long been accepted in this country."  Lockett v. Ohio, 438 U.S. 586, 602 (1978). Appellant, however, incorrectly equates "individualized sentencing" with a sentencing hearing separate from his codefendants.

Assuming, without deciding, that Code § 19.2-262.1 also applies to a determination of severing the sentencing proceeding after a joint trial during the guilt phase, appellant has shown no prejudice.  As previously stated, appellant offered evidence of his role in the offense and other relevant evidence.  Indeed, appellant argued that his role in the murder was minimal.  We find the trial court did not abuse its discretion in denying the motion to sever.

The fact that each codefendant received the same sentence does not establish that the jury failed to consider each codefendant individually.  As this Court recently stated in Davis, ___ Va. App. at ___, ___ S.E.2d at ___, "[t]he punishments imposed bear a rational relationship to the circumstances of the crime and the individualized histories of each defendant."[2]

For these reasons, we find no error in the trial court's instruction to the jury on the theory of concert of action and

---

[2] Isham Davis had been convicted twice of violating probation.  Robert Davis had been convicted of unauthorized use of an automobile.  Jermaine Harris had been convicted of two assaults, distribution of cocaine, and a violation of probation.

-

denial of appellant's motion to sever at re-sentencing.

Therefore, we affirm appellant's sentence.

<u>Affirmed.</u>

Benton, J., concurring.

For the reasons stated in the majority opinion, I agree that the record does not establish that the trial judge erred in refusing Jermaine Harris' request for a punishment hearing separate from the hearing of the codefendants.

I believe, however, that the trial judge erred in instructing the jury concerning the "concert of action" principle. This was a punishment hearing only. The principle of concert of action is designed to be used to establish criminal liability upon a legal theory of transfer of intent. See Riddick v. Commonwealth, 226 Va. 244, 248, 308 S.E.2d 117, 119 (1983) (holding that "[d]ue to the concert of action, defendant is deemed to have shared [the codefendant's] intent"). See also Epps v. Commonwealth, 216 Va. 150, 156, 216 S.E.2d 64, 69 (1975). Although the consequence of acting in concert with the principal offender is that a defendant may be convicted as a principal in the second degree and is subject to the same punishment as if the defendant was the principal in the first degree, the punishment proceeding under Code § 19.2-295.1 is an inappropriate occasion to instruct the jury on the liability issue of concert of action. Once the issue of guilt has been determined by the jury, any instruction to the jury at the punishment proceeding on concert of action is unduly prejudicial to the defendant.

-

Sentencing of a defendant in Virginia is to be based upon "individualized consideration of the defendant and the crime committed." Roach v. Commonwealth, 251 Va. 324, 347, 468 S.E.2d 98, 111 (1996). See also Shifflett v. Commonwealth, 257 Va. 34, 42-44, 510 S.E.2d 232, 236 (1999). The bifurcated procedure under Code § 19.2-295.1 "assures the jury access to 'information specific only to sentencing, apart from considerations of guilt or innocence.'" Daye v. Commonwealth, 21 Va. App. 688, 691, 467 S.E.2d 287, 288 (1996) (citation omitted). The record establishes a reasonable likelihood that the jury relied upon the concert of action instruction to the prejudice of Harris' right "to have his . . . punishment determined by the evidence against him and not by what sentence has been imposed . . . against . . . a co-defendant." Walker v. Commonwealth, 212 Va. 289, 291, 183 S.E.2d 739, 741 (1971).

Because of limitations imposed by Commonwealth v. Burns, 240 Va. 171, 173-74, 395 S.E.2d 456, 457 (1990), however, I concur in the opinion's holding that we are bound by the prior panel's decision, in the case of Harris' codefendants, see Davis v. Commonwealth, ___ Va. App. ___, ___ S.E.2d ___ (July 31, 2001), that the trial judge did not err in giving a concert of action instruction at the re-sentencing proceeding which only involved the issue of punishment.

-